KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 234-2371
kbouyoung@yahoo.com

Plaintiff Pro Se

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

## NOTICE OF CONSTITUTIONAL QUESTION

Pursuant to Federal Rule of Civil Procedure 5.1, plaintiff Kuang-Bao P. Ou-Young

hereby gives notice that the following complaint raises question of constitutional validity as to

the Judicial Conduct and Disability Act of 1980 – 28 U.S.C. §§ 351-364, the Criminal Justice

Act of 1964 – 18 U.S.C. § 3006A, 18 U.S.C. §§ 4241-4248, as well as the Speedy Trial Act of

1974 in 18 U.S.C. § 3161.

## FIRST AMENDED COMPLAINT

Case No. 19-cv-7232-EJD     DEMAND FOR JURY TRIAL

_____

KUANG-BAO P. OU-YOUNG, Plaintiff,

vs.

EDWARD LEAVY, senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; CONSUELO M. CALLAHAN, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; CARLOS T. BEA, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; WILLIAM P. BARR, United States Attorney General, and as an individual; JEFFREY F. ROSEN, District Attorney, Santa Clara County, and as an individual; LAWRENCE E. STONE, Assessor, Santa Clara County, and as an individual; JEANETTE TONINI, senior assessment clerk, Santa Clara County Assessor's Office, and as an individual; JAMES R. WILLIAMS, County Counsel, Santa Clara County, and as an individual; KARL A. SANDOVAL, deputy county counsel, Santa Clara County, and as an individual; KARAN S. DHADIALLA, deputy county counsel, Santa Clara County, and as an individual; COUNTY OF SANTA CLARA; PHYLLIS J. HAMILTON, Chief Judge, U.S. District Court for the Northern District of California, and as an individual; JAMES WARE, former District Judge, U.S. District Court for the Northern District of California, and as an individual; CLAUDIA WILKEN, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; RICHARD SEEBORG, District Judge, U.S. District Court for the Northern District of

California, and as an individual; LUCY H. KOH, District Judge, U.S. District Court for the Northern District of California, and as an individual; SUSAN ILLSTON, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; EDWARD M. CHEN, District Judge, U.S. District Court for the Northern District of California, and as an individual; RONALD M. WHYTE, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; JEFFREY S. WHITE, District Judge, U.S. District Court for the Northern District of California, and as an individual; BETH LABSON FREEMAN, District Judge, U.S. District Court for the Northern District of California, and as an individual; CHARLES R. BREYER, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; D. LOWELL JENSEN, former District Judge, U.S. District Court for the Northern District of California, and as an individual; VINCE CHHABRIA, District Judge, U.S. District Court for the Northern District of California, and as an individual; WILLIAM ALSUP, District Judge, U.S. District Court for the Northern District of California, and as an individual; YVONNE GONZALEZ ROGERS, District Judge, U.S. District Court for the Northern District of California, and as an individual; JAMES DONATO, District Judge, U.S. District Court for the Northern District of California, and as an individual; SAUNDRA BROWN ARMSTRONG, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; MAXINE M. CHESNEY, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; SAMUEL CONTI, former District Judge, U.S. District Court for the Northern District of California, and his estate; HAYWOOD S. GILLIAM, JR., District Judge, U.S. District Court for the Northern District of California, and as an individual; THELTON E. HENDERSON, senior District Judge, U.S. District Court for the Northern District of California, and as an individual; WILLIAM H. ORRICK, District Judge, U.S. District Court for the Northern District of California, and as an individual; JON S. TIGAR, District Judge, U.S. District Court for the Northern District of California, and as an individual; JOSEPH C. SPERO, Chief Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; PAUL SINGH GREWAL, former Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; LAUREL BEELER, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; JACQUELINE SCOTT CORLEY, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; NATHANAEL COUSINS, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; MARIA-ELENA JAMES, former Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; ELIZABETH D. LAPORTE, former Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; HOWARD R. LLOYD, former Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; DONNA M. RYU, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; NANDOR J. VADAS, former Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; KANDIS A. WESTMORE, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; SUSAN VAN KEULEN, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; VIRGINIA K. DEMARCHI, Magistrate Judge, U.S. District Court for the Northern District of California, and as an individual; SUSAN Y. SOONG, Clerk, U.S. District Court for the Northern District of California, and as an individual; TIFFANY SALINAS-HARWELL, deputy clerk, U.S. District Court for the Northern District of California, and as an individual; TRACY GEIGER, deputy clerk, U.S. District Court for the Northern District of California, and as an individual; BETTY WALTON, deputy clerk, U.S. District Court for the Northern District of California, and as an individual; ADRIANA M. KRATZMANN,

deputy clerk, U.S. District Court for the Northern District of California, and as an individual; SUSIE BARRERA, deputy clerk, U.S. District Court for the Northern District of California, and as an individual; SNOOKI PULI, deputy clerk, U.S. District Court for the Northern District of California, and as an individual; CITA ESCOLANO, deputy clerk, U.S. District Court for the Northern District of California, and as an individual; JAMES MCNAIR THOMPSON, court appointed CJA counsel, U.S. District Court for the Northern District of California, and as an individual; CHRIS DAKS, grand jury foreman, U.S. District Court for the Northern District of California, and as an individual; ROY SAENZ, chief U.S. Pretrial Services officer, U.S. District Court for the Northern District of California, and as an individual; ALLEN LEW, U.S. Pretrial Services officer, U.S. District Court for the Northern District of California, and as an individual; DOE 1, U.S. Pretrial Services officer, U.S. District Court for the Northern District of California, and as individuals; JOSH LIBBY, U.S. Pretrial Services officer, U.S. District Court for the Northern District of California, and as an individual; TERRENCE W. BOYLE, Chief Judge, U.S. District Court for the Eastern District of North Carolina, and as an individual; LOUISE W. FLANAGAN, District Judge, U.S. District Court for the Eastern District of North Carolina, and as an individual; JAMES C. DEVER III, District Judge, U.S. District Court for the Eastern District Court of North Carolina, and as an individual; ROBERT B. JONES, JR., Magistrate Judge, U.S. District Court for the Eastern District of North Carolina, and as an individual; PETER A. MOORE, JR., Clerk, U.S. District Court for the Eastern District of North Carolina, and as an individual; M. CASTANIA, deputy clerk, U.S. District Court for the Eastern District of North Carolina, and as an individual; AUDREY B. COLLINS, former District Judge, U.S. District Court for the Central District of California, and as an individual; GEORGE H. KING, former District Judge, U.S. District Court for the Central District of California, and as an individual; OTIS D. WRIGHT II, District Judge, U.S. District Court for the Central District of California, and as an individual; ANDREW J. GUILFORD, senior District Judge, U.S. District Court for the Central District of California, and as an individual; MICHAEL W. FITZGERALD, District Judge, U.S. District Court for the Central District of California, and as an individual; RALPH R. BEISTLINE, senior District Judge, U.S. District Court for the District of Alaska, and as an individual; JEFFREY T. MILLER, senior District Judge, U.S. District Court for the Southern District of California, and as an individual; ANTHONY W. ISHII, senior District Judge, U.S. District Court for the Eastern District of California, and as an individual; ROGER L. HUNT, senior District Judge, U.S. District Court for the District of Nevada, and as an individual; STEPHEN M. MCNAMEE, senior District Judge, U.S. District Court for the District of Arizona, and as an individual; SARAH EVANS BARKER, senior District Judge, U.S. District Court for the Southern District of Indiana, and as an individual; D. BROCK HORNBY, senior District Judge, U.S. District Court for the District of Maine, and as an individual; SIDNEY R. THOMAS, Chief Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; MARY M. SCHROEDER, senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; BARRY G. SILVERMAN, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; ALEX KOZINSKI, former Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; PROCTER R. HUG, JR., former Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; RAYMOND C. FISHER, senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; RONALD M. GOULD, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; RICHARD R. CLIFTON, senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; HARRY PREGERSON, former Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and his estate; STEPHEN R. REINHARDT, former Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and his estate; J. CLIFFORD WALLACE, senior Circuit Judge,

U.S. Court of Appeals for the Ninth Circuit, and as an individual; RICHARD C. TALLMAN, senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, and as an individual; PETER L. SHAW, Appellate Commissioner, U.S. Court of Appeals for the Ninth Circuit, and as an individual; MOLLY C. DWYER, Clerk, U.S. Court of Appeals for the Ninth Circuit, and as an individual; DON LEWIS, deputy clerk, U.S. Court of Appeals for the Ninth Circuit, and as an individual; PASCO M. BOWMAN, senior Circuit Judge, U.S. Court of Appeals for the Eighth Circuit, and as an individual; J. HARVIE WILKINSON III, Circuit Judge, U.S. Court of Appeals for the Fourth Circuit, and as an individual; JOHN G. ROBERTS, JR., Chief Justice of the United States, and as an individual; ANTHONY M. KENNEDY, former Associate Justice, U.S. Supreme Court, and as an individual; CLARENCE THOMAS, Associate Justice, U.S. Supreme Court, and as an individual; RUTH BADER GINSBURG, Associate Justice, U.S. Supreme Court, and as an individual; STEPHEN G. BREYER, Associate Justice, U.S. Supreme Court, and as an individual; SAMUEL A. ALITO, JR., Associate Justice, U.S. Supreme Court, and as an individual; SONIA SOTOMAYOR, Associate Justice, U.S. Supreme Court, and as an individual; ELENA KAGAN, Associate Justice, U.S. Supreme Court, and as an individual; SCOTT S. HARRIS, Clerk, U.S. Supreme Court, and as an individual; REDMOND K. BARNES, deputy clerk, U.S. Supreme Court, and as an individual; JAMES C. DUFF, Director, Administrative Office of U.S. Courts, and as an individual; THOMAS F. HOGAN, senior District Judge, U.S. District Court for the District of Columbia, and as an individual; ROBERT K. LOESCHE, General Counsel, Administrative Office of the U.S. Courts, and as an individual; ROBERT LOWNEY, Chief, Department of Program Services, Court Services Office, Administrative Office of the U.S. Courts, and as an individual; DAVID STONE, manager, PACER Support Center, Administrative Office of the U.S. Courts, and as an individual; JERROLD NADLER, U.S. Congressman, and as an individual; ZOE LOFGREN, U.S. Congresswoman, and as an individual; BARACK OBAMA, former President of the United States, and as an individual; HILLARY RODHAM CLINTON, former U.S. Secretary of State, and as an individual; ERIC H. HOLDER, JR., former U.S. Attorney General, and as an individual; LORETTA E. LYNCH, former U.S. Attorney General, and as an individual; MEGAN J. BRENNAN, former United States Postmaster General, and as an individual; DAVID L. ANDERSON, U.S. Attorney for the Northern District of California, and as an individual; MELINDA HAAG, former U.S. Attorney for the Northern District of California, and as an individual; BRIAN J. STRETCH, former U.S. Attorney for the Northern District of California, and as an individual; ALEX G. TSE, former acting U.S. Attorney for the Northern District of California, and as an individual; JAMES A. SCHARF, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; CLAIRE T. CORMIER, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; MAIA PEREZ, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; CHRIS VIEIRA, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; JEFF NEDROW, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; ELISE BECKER, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; BARBARA J. VALLIERE, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; DANIEL KALEBA, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; SHIAO LEE, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; MERRY JEAN CHAN, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; SARA WINSLOW, assistant U.S. attorney, U.S. Attorney's office for the Northern District of

California, and as an individual; NEILL T. TSENG, assistant U.S. attorney, U.S. Attorney's Office for the Northern District of California, and as an individual; DAVID HARLOW, former acting director, U.S. Marshals Service, and as an individual; DAVID J. ANDERSON, former acting deputy director, U.S. Marshals Service, and as an individual; DONALD M. O'KEEFE, U.S. Marshal for the Northern District of California, and as an individual; MARC A. HARWELL, supervisory deputy U.S. marshal, U.S. Marshal's Office for the Northern District of California, and as an individual; DOES 2-30, deputy U.S. marshals, U.S. Marshal's Office for the Northern District of California, and as individuals; CHRIS YAMAGUCHI, court security officer, U.S. Marshal's Office for the Northern District of California, and as an individual; MARY GUTTORUSON, court security officer, U.S. Marshal's Office for the Northern District of California, and as an individual; DOES 31-60, court security officers, U.S. Marshal's Office for the Northern District of California, and as individuals; DOES 61-80, deputy U.S. marshals, Justice Prisoner and Alien Transportation System, U.S. Marshals Service, and as individuals; L. J. MILUSNIC, warden, Metropolitan Detention Center, Los Angeles, and as an individual; LISA HOPE, chief forensic psychologist, Metropolitan Detention Center, Los Angeles, and as an individual; LESLIE JOHNSON, forensic psychologist, Metropolitan Detention Center, Los Angeles, and as an individual; DOE 81, case manager, Metropolitan Detention Center, Los Angeles, and as an individual; DOE 82, unit manager, Metropolitan Detention Center, Los Angeles, and as an individual; DOE 83, counselor, Metropolitan Detention Center, Los Angeles, and as an individual; K. GAVIN, lieutenant, Metropolitan Detention Center, Los Angeles, and as an individual; A. OUGHOURLI, registered nurse, Metropolitan Detention Center, Los Angeles, and as an individual; DOES 84-100, correctional officers, Metropolitan Detention Center, Los Angeles, and as individuals; DOE 101, warden, Federal Transfer Center, Oklahoma City, Oklahoma, and as an individual; DOES 102-103, correctional officers, Federal Transfer Center, Oklahoma City, Oklahoma, and as individuals; J. C. HOLLAND, warden, Federal Correctional Complex, Butner, North Carolina, and as an individual; T. SMITH, warden, Federal Medical Center, Butner, North Carolina, and as an individual; A. W. RUPSKA, associate warden, Federal Medical Center, Butner, North Carolina, and as an individual; L. WHEAT, chief forensic psychologist, Federal Medical Center, Butner, North Carolina, and as an individual; R. KOCH, forensic psychologist, Federal Medical Center, Butner, North Carolina, and as an individual; JOSEPH S. ZONNO, forensic psychologist, Federal Medical Center, Butner, North Carolina, and as an individual; L. GRADDY, staff psychiatrist, Federal Medical Center, Butner, North Carolina, and as an individual; CHARLES L. GRIFFIN, case manager, Federal Medical Center, Butner, North Carolina, and as an individual; J. WIGGINS, counselor, Federal Medical Center, Butner, North Carolina, and as an individual; T. RULE, captain, Federal Medical Center, Butner, North Carolina, and as an individual; E. SINGLETON, lieutenant, Federal Medical Center, Butner, North Carolina, and as an individual; C. PLUCKER, lieutenant, Federal Medical Center, Butner, North Carolina, and as an individual; M. BOWERMAN, lieutenant, Federal Medical Center, Butner, North Carolina, and as an individual; DOES 104-130, correctional officers, Federal Medical Center, Butner, North Carolina, and as individuals; ADNAN NOGO, physician, Federal Medical Center, Butner, North Carolina, and as an individual; DOE 131, physician, Federal Medical Center, Butner, North Carolina, and as an individual; L. OVERTON, nurse practitioner, Federal Medical Center, Butner, North Carolina, and as an individual; RENEE SMITH, registered nurse, Federal Medical Center, Butner, North Carolina, and as an individual; DOES 132-140, registered nurses, Federal Medical Center, Butner, North Carolina, and as individuals; DOES 141-147, physician assistants, Federal Medical Center, Butner, North Carolina, and as individuals; MICHAEL EAST, U.S. Marshal for the Eastern District of North Carolina, and as an individual; ROBERT D. PETTIT, former acting U.S. Marshal for the Eastern

District of North Carolina, and as an individual; DOES 148-155, deputy U.S. marshals, U.S. Marshal's Office for the Eastern District of North Carolina, and as individuals; ANDREI IANCU, Director, U.S. Patent and Trademark Office, and as an individual; MICHELLE K. LEE, former Director, U.S. Patent and Trademark Office, and as an individual; TERESA S. REA, former Acting Director, U.S. Patent and Trademark Office, and as an individual; MARGARET A. FOCARINO, Commissioner for Patents, U.S. Patent and Trademark Office, and as an individual; DONALD T. HAJEC, Director, Technology Center 3700, U.S. Patent and Trademark Office, and as an individual; JASON J. BOECKMANN, patent examiner, U.S. Patent and Trademark Office, and as an individual; THURMAN K. PAGE, petitions examiner, U.S. Patent and Trademark Office, and as an individual; TAIWAN, REPUBLIC OF CHINA; INTELLECTUAL PROPERTY OFFICE OF TAIWAN; GOOGLE, INC.; FACEBOOK, INC.; FEDEX CORPORATION; HEWLETT PACKARD ENTERPRISE COMPANY; ALAMEDA COUNTY SHERIFF'S OFFICE; GREGORY J. AHERN, sheriff, Alameda County, and as an individual; DOES 155-180, deputy sheriffs, Alameda County, and as individuals; SUNNYVALE DEPARTMENT OF PUBLIC SAFETY; PHAN S. NGO, chief, Sunnyvale Department of Public Safety, and as an individual; FRANK J. GRGURINA, former chief, Sunnyvale Department of Public Safety, and as an individual; CORECIVIC, INC.; BRIAN KOEHN, warden, Nevada Southern Detention Center, and as an individual; JANICE KILLIAN, former warden, Nevada Southern Detention Center, and as an individual; DOE 181, case manager, Nevada Southern Detention Center, and as an individual; DOE 182, counselor, Nevada Southern Detention Center, and as an individual; DOES 183-200, correctional officers, Nevada Southern Detention Center, and as individuals; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; JOHN MCMAHON, sheriff, San Bernardino County, and as an individual; as well as DOES 201-203, deputy sheriffs, San Bernardino County, and as individuals,

Defendants.

---

## INTRODUCTION

a1.     The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated, and no Warrants shall issue, but upon probable cause, …" The Fifth Amendment provides: "No persons shall be … compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; …" The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, …" The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, …" Even though the federal courts often are called the guardians of the Constitution, these courts

have denied citizens of this country the aforesaid constitutional rights persistently. Accordingly, plaintiff initiates this action pursuant to the Federal Tort Claims Act of 1946 ("FTCA").

## JURISDICTION AND VENUE

a2.     This action raises questions under the FTCA in 28 U.S.C. §§ 2671-2680 as well as the Civil Rights Act of 1964 in 42 U.S.C. § 1983. This Court has original jurisdiction over these claims under 28 U.S.C. §§ 1346(b), 1331. This Court has authority to award the requested declaratory relief under 28 U.S.C. §§ 2201-02, the requested injunctive relief under 28 U.S.C. § 1343(a)(4), the requested damages under 28 U.S.C. § 1343(a)(4), and legal costs under 42 U.S.C. § 1988.

a3.     Venue is proper under 28 U.S.C. § 1391(b)(2) in the northern district of California because a substantial part of the actions giving rise to this case occurred within the district.

## INTRADISTRICT ASSIGNMENT

a4.     Pursuant to Civil L.R. 3-2(c) and (e), this is a civil rights case, in a non-excepted category, suitable for assignment to the San Jose division since it is where the U.S. attorney's office instituted a criminal case against plaintiff.

## PARTIES

a5.     Plaintiff Kuang-Bao P. Ou-Young is a resident of Santa Clara County.

a6.     Defendant Edward Leavy is a senior circuit judge at U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit"). Judge Leavy is being sued as an individual as well.

a7.     Defendant Consuelo M. Callahan is a circuit judge at the Ninth Circuit. Judge Callahan is being sued as an individual as well.

a8.     Defendant Carlos T. Bea is a circuit judge at the Ninth Circuit. Judge Bea is being sued as an individual as well.

a9. Defendant William P. Barr is United States Attorney General ("AG"). AG Barr is being sued as an individual as well.

a10, Defendant Jeffery F. Rosen is the district attorney ("DA") of Santa Clara County. DA Rosen is being sued as individual as well.

a11. Defendant LAWRENCE E. STONE is assessor of Santa Clara County. Assessor Stone is being sued as an individual as well.

a12. Defendant Jeanette Tonini is a senior assessment clerk at the Santa Clara County Assessor's Office. Clerk Tonini is being sued as an individual as well.

a13. Defendant James R. Williams is county counsel of Santa Clara County. Counsel Williams is being sued as an individual as well.

a14. Defendant Karl A. Sandoval is a deputy county counsel at the Santa Clara County Counsel's Office. Deputy counsel Sandoval is being sued as an individual as well.

a15. Defendant Karan S. Dhadialla is a deputy county counsel at Santa Clara County Counsel's Office. Deputy counsel Dhadialla is being sued as an individual as well.

a16. Defendant County of Santa Clara is a charter county organized and existing under the laws of the State of California.

a17. Defendant Phyllis J. Hamilton is chief judge of this district court. Judge Hamilton is being sued as an individual as well.

a18. Defendant James Ware was a district judge at this district court until retirement on August 31, 2012. Judge Ware is being sued as an individual as well.

a19. Defendant Claudia Wilken is a senior district judge at this district court. Judge Wilken is being sued as an individual as well.

a20. Defendant Richard Seeborg is a district judge at this district court. Judge Seeborg is being sued as an individual as well.

a21. Defendant Lucy H. Koh is a district judge at this district court. Judge Koh is being sued as an individual as well.

a22. Defendant Susan Illston is a senior district judge at this district court. Judge Illston is being sued as an individual as well.

a23. Defendant Edward M. Chen is a district judge at this district court. Judge Chen is being sued as an individual as well.

a24. Defendant Ronald M. Whyte is an inactive district judge at this district court. Judge Whyte is being sued as an individual as well.

a25. Defendant Jeffrey S. White is a district judge at this district court. Judge White is being sued as an individual as well.

a26. Defendant Beth Labson Freeman is a district judge at this district court. Judge Freeman is being sued as an individual as well.

a27. Defendant Charles R. Breyer is a senior district judge at this district court. Judge Breyer is being sued as an individual as well.

a28. Defendant D. Lowell Jensen was a senior district judge at this district court until retirement on October 31, 2014. Judge Jensen is being sued as an individual as well.

a29. Defendant Vince Chhabria is a district judge at this district court. Judge Chhabria is being sued as an individual as well.

a30. Defendant William Alsup is a district judge at this district court. Judge Alsup is being sued as an individual as well.

a31. Defendant Yvonne Gonzalez Rogers is a district judge at this district court. Judge Rogers is being sued as an individual as well.

a32. Defendant James Donato is a district judge at this district court. Judge Donato is being sued as an individual as well.

a33. Defendant Saundra Brown Armstrong is a senior district judge at this district court. Judge Armstrong is being sued as an individual as well.

a34. Defendant Maxine M. Chesney is a senior district judge at this district court. Judge Chesney is being sued as an individual as well.

a35. Defendant Samuel Conti was a senior district judge at this district court until death on August 29, 2018. As a result, judge Conti's estate is being sued as well.

a36. Defendant Haywood S. Gilliam, Jr., is a district judge at this district court. Judge Gilliam is being sued as an individual as well.

a37. Defendant Thelton E. Henderson is an inactive district judge at this district court. Judge Henderson is being sued as an individual as well.

a38. Defendant William H. Orrick is a district judge at this district court. Judge Orrick is being sued as an individual as well.

a39. Defendant Jon S. Tigar is a district judge at this district court. Judge Tigar is being sued as an individual as well.

a40. Defendant Joseph C. Spero is chief magistrate judge of this district court. Judge Spero is being sued as an individual as well.

a41. Defendant Paul Singh Grewal was a magistrate judge at this district court until retirement on June 3, 2016. Judge Grewal is being sued as an individual as well.

a42. Defendant Laurel Beeler is a magistrate judge at this district court. Judge Beeler is being sued as an individual as well.

a43. Defendant Jacqueline Scott Corley is a magistrate judge at this district court. Judge Corley is being sued as an individual as well.

a44. Defendant Nathanael Cousins is a magistrate judge at this district court. Judge Cousins is being sued as an individual as well.

a45. Defendant Maria-Elena James was a magistrate judge at this district court until retirement on August 31, 2018. Judge James is being sued as an individual as well.

a46. Defendant Elizabeth D. Laporte was a magistrate judge at this district court until retirement on October 25, 2019. Judge Laporte is being sued as an individual as well.

a47. Defendant Howard R. Lloyd was a magistrate judge at this district court until retirement on June 3, 2018. Judge Lloyd is being sued as an individual as well.

a48. Defendant Donna M. Ryu is a magistrate judge at this district court. Judge Ryu is being sued as an individual as well.

a49. Defendant Nandor J. Vadas was a magistrate judge at this district court until retirement on November 4, 2017. Judge Vadas is being sued as an individual as well.

a50. Defendant Kandis A. Westmore is a magistrate judge at this district court. Judge Westmore is being sued as an individual as well.

a51. Defendant Susan van Keulen is a magistrate judge at this district court. Judge van Keulen is being sued as an individual as well.

a52. Defendant Virginia K. DeMarchi is a magistrate judge at this district court. Judge DeMarchi is being sued as an individual as well.

a53. Defendant Susan Y. Soong is clerk of this district court. Clerk Soong is being sued as an individual as well.

a54. Defendant Tiffany Salinas-Harwell is a deputy clerk at this district court. Deputy clerk Salinas-Harwell is being sued as an individual as well.

a55. Defendant Tracy Geiger is a deputy clerk at this district court. Deputy clerk Geiger is being sued as an individual as well.

a56. Defendant Betty Walton is a deputy clerk at this district court. Deputy clerk Walton is being sued as an individual as well.

a57. Defendant Adriana M. Kratzmann is a deputy clerk at this district court. Deputy clerk Kratzmann is being sued as an individual as well.

a58. Defendant Susie Barrera is a deputy clerk at this district court. Deputy clerk Barrera is being sued as an individual as well.

a59. Defendant Snooki Puli is a deputy clerk at this district court. Deputy clerk Puli is being sued as an individual as well.

a60. Defendant Cita Escolano is a deputy clerk at this district court. Deputy clerk Escolano is being sued as an individual as well.

a61. Defendant James McNair Thompson is a private attorney appointed by the district court under the Criminal Justice Act of 1964 ("CJA"), 18 U.S.C. § 3006A, to represent plaintiff in a criminal case. Attorney Thompson is being sued as an individual as well.

a62. Defendant Chris Daks is the foreman of a grand jury impaneled by this district court. Foreman Daks is being sued as an individual as well.

a63. Defendant Roy Saenz is chief U.S. Pretrial Services officer of this district court. Chief Saenz is being sued as an individual as well.

a64. Defendant Allen Lew is a U.S. Pretrial Services officer at this district court. Officer Lew is being sued as an individual as well.

a65. Defendant Doe 1 is a U.S. Pretrial Services officer at this district court. Officer Doe 1 is being sued as an individual as well.

a66. Defendant Josh Libby is a U.S. Pretrial Services officer at this district court. Officer Libby is being sued as an individuals as well.

a67. Defendant Terrence W. Boyle is chief judge of U.S. District Court for the Eastern District of North Carolina ("second district court"). Judge Boyle is being sued as an individual as well.

a68. Defendant Louise W. Flanagan is a district judge at second district court. Judge Flanagan is being sued as an individual as well.

a69. Defendant James C. Dever III is a district judge at second district court. Judge Dever is being sued as an individual as well.

a70. Defendant Robert B. Jones, Jr., is a magistrate judge at second district court. Judge Jones is being sued as an individual as well.

a71. Defendant Peter A. Moore, Jr., is clerk of second district court. Clerk Moore is being sued as an individual as well.

a72. Defendant M. Castania is a deputy clerk at second district court. Deputy clerk Castania is being sued as an individual as well.

a73. Defendant Audrey B. Collins was a district judge at U.S. District Court for the Central District of California until retirement on August 1, 2014. Judge Collins is being sued as an individual as well.

a74. Defendant George H. King was a district judge at U.S. District Court for the Central District of California until retirement on January 6, 2017. Judge King is being sued as an individual as well.

a75. Defendant Otis D. Wright II is a district judge at U.S. District Court for the Central District of California. Judge Wright is being sued as an individual as well.

a76. Defendant Andrew J. Guilford is a senior district judge at U.S. District Court for the Central District of California. Judge Guilford is being sued as an individual as well.

a77. Defendant Michael W. Fitzgerald is a district judge at U.S. District Court for the Central District of California. Judge Fitzgerald is being sued as an individual as well.

a78. Defendant Ralph R. Beistline is a senior district judge at U.S. District Court for the District of Alaska. Judge Beistline is being sued as an individual as well.

a79.    Defendant Jeffrey T. Miller is a senior district judge at U.S. District Court for the Southern District of California. Judge Miller is being sued as an individual as well.

a80.    Defendant Anthony W. Ishii is a senior district judge at U.S. District Court for the Eastern District of California. Judge Ishii is being sued as an individual as well.

a81.    Defendant Roger L. Hunt is a senior district judge at U.S. District Court for the District of Nevada. Judge Hunt is being sued as an individual as well.

a82.    Defendant Stephen M. McNamee is a senior district judge at U.S. District Court for the District of Arizona. Judge McNamee is being sued as an individual as well.

a83.    Defendant Sarah Evans Barker is a senior district judge at U.S. District Court for the Southern District of Indiana. Judge Barker is being sued as a coauthor of *Implementation of the Judicial Conduct and Disability of 1980* ("implementation report") and as an individual.

a84.    Defendant D. Brock Hornby is a senior district judge at U.S. District Court for the District of Maine. Judge Hornby is being sued as a coauthor of said implementation report and as an individual;

a85.    Defendant Sidney R. Thomas is chief judge of the Ninth Circuit. Judge Thomas is being sued as an individual as well.

a86.    Defendant Mary M. Schroeder is a senior circuit judge at the Ninth Circuit. Judge Schroeder is being sued as an individual as well.

a87.    Defendant Barry G. Silverman is a circuit judge at the Ninth Circuit. Judge Silverman is being sued as an individual as well.

a88.    Defendant Alex Kozinski was a circuit judge at the Ninth Circuit until retirement on December 18, 2017. Judge Kozinski is being sued as an individual as well.

a89.    Defendant Procter R. Hug, Jr., was a circuit judge at the Ninth Circuit until retirement on November 30, 2017. Judge Hug is being sued as an individual as well.

a90. Defendant Raymond C. Fisher is a senior circuit judge at the Ninth Circuit. Judge Fisher is being sued as an individual as well.

a91. Defendant Ronald M. Gould is a circuit judge at the Ninth Circuit. Judge Gould is being sued as an individual as well.

a92. Defendant Richard R. Clifton is a senior circuit judge at the Ninth Circuit. Judge Clifton is being sued as an individual as well.

a93. Defendant Harry Pregerson was a senior circuit judge at the Ninth Circuit until death on November 25, 2017. As a result, judge Pregerson's estate is being sued as well.

a94. Defendant Stephen R. Reinhardt was a circuit judge at the Ninth Circuit until death on March 29, 2018. As a result, judge Reinhardt's estate is being sued as well.

a95. Defendant J. Clifford Wallace is a senior circuit judge at the Ninth Circuit. Judge Wallace is being sued as an individual as well.

a96. Defendant Richard C. Tallman is a senior circuit judge at the Ninth Circuit. Judge Tallman is being sued as an individual as well.

a97. Defendant Peter L. Shaw is the appellate commissioner at the Ninth Circuit. Commissioner Shaw is being sued as an individual as well.

a98. Defendant Molly C. Dwyer is clerk of the Ninth Circuit. Clerk Dwyer is being sued as an individual as well.

a99. Defendant Don Lewis is a deputy clerk at the Ninth Circuit. Deputy clerk Lewis is being sued as an individual as well.

a100. Defendant Pasco M. Bowman is a senior circuit judge at U.S. Court of Appeals for the Eighth Circuit. Judge Bowman is being sued as a coauthor of said implementation report and as an individual.

a101.   Defendant J. Harvie Wilkinson III is a circuit judge at U.S. Court of Appeals for the Fourth Circuit. Judge Wilkinson is being sued as a coauthor of said implementation report and as an individual.

a102.   Defendant John G. Roberts, Jr., is Chief Justice of the United States. Chief justice Roberts is being sued as an individual as well.

a103.   Defendant Anthony M. Kennedy was an associate justice at U.S. Supreme Court until retirement on June 27, 2018. Justice Kennedy is being sued as an individual as well.

a104.   Defendant Clarence Thomas is an associate justice at U.S. Supreme Court. Justice Thomas is being sued as an individual as well.

a105.   Defendant Ruth Bader Ginsburg is an associate justice at U.S. Supreme Court. Justice Ginsburg is being sued as an individual as well.

a106.   Defendant Stephen G. Breyer is an associate justice at U.S. Supreme Court. Justice Breyer is being sued as an individual as well.

a107.   Defendant Samuel A. Alito, Jr., is an associate justice at U.S. Supreme Court. Justice Alito is being sued as an individual as well.

a108.   Defendant Sonia Sotomayor is an associate justice at U.S. Supreme Court. Justice Sotomayor is being sued as an individual as well.

a109.   Defendant Elena Kagan is an associate justice at U.S. Supreme Court. Justice Kagan is being sued as an individual as well.

a110.   Defendant Scott S. Harris is clerk of U.S. Supreme Court. Clerk Harris is being sued as an individual as well.

a111.   Defendant Redmond K. Barnes is a deputy clerk at U.S. Supreme Court. Deputy clerk Barnes is being sued as an individual as well.

a112.   Defendant James C. Duff is director of the Administrative Office of the U.S.

Courts ("AO"). Director Duff is being sued as an individual as well.

a113. Defendant Thomas F. Hogan is a senior district judge at U.S. District Court for the District of Columbia. Judge Hogan is being sued as a former director of AO and as an individual.

a114. Defendant Robert K. Loesche is general counsel of AO. Counsel Loesche is being sued as an individual as well.

a115. Defendant Robert Lowney is chief of the Department of Program Services at the Court Services Office of AO. The department manages the development and maintenance of electronic public access systems in the Judiciary through PACER (Public Access to Court Electronic Records). Chief Lowney is being sued as an individual as well.

a116. Defendant David Stone is manager of PACER Support Center, AO. Manager Stone is being sued as an individual as well.

a117. Defendant Jerrold Nadler is a congressman from New York State. Congressman Nadler is being sued as a member of the House Judiciary Committee of the 114th Congress and as an individual.

a118. Defendant Zoe Lofgren is a congresswoman from California. Congresswoman Lofgren is being sued as a member of the House Judiciary Committee of the 114th Congress and as an individual.

a119. Defendant Barack Obama was president of the United States from January 20, 2009 until January 20, 2017. President Obama is being sued as an individual as well.

a120. Defendant Hillary Rodham Clinton was U.S. secretary of state from January 21, 2009 until February 1, 2013. Secretary Clinton is being sued as an individual as well.

a121. Defendant Eric H. Holder, Jr., was U.S. attorney general from February 3, 2009 until April 27, 2015. Former attorney general ("FAG") Holder is being sued as an individual as

well.

a122. Defendant Loretta E. Lynch was U.S. attorney general from April 27, 2015 until January 20, 2017. FAG Lynch is being sued as an individual as well.

a123. Defendant Megan J. Brennan was the United States Postmaster General from February 1, 2015 until January 31, 2020. Former Postmaster General ("FPMG") Megan is being sued as an individual as well.

a124. Defendant David L. Anderson is current U.S. attorney for the northern district of California. U.S. attorney Anderson is being sued as an individual as well.

a125. Defendant Melinda Haag was U.S. attorney for the northern district of California from August 5, 2010 until September 1, 2015. Former U.S. attorney ("FUSA") Haag is being sued as an individual as well.

a126. Defendant Brian J. Stretch was U.S. attorney for the northern district of California from March 2016 until January 5, 2018. FUSA Stretch is being sued as an individual as well.

a127. Defendant Alex G. Tse was interim U.S. attorney for the northern district of California from January 8, 2018 until January 14, 2019. FUSA Tse is being sued as an individual as well.

a128. Defendant James A. Scharf is an assistant U.S. attorney ("AUSA") at the U.S. Attorney's Office for the Northern District of California ("USAO"). AUSA Scharf is being sued as an individual as well.

a129. Defendant Claire T. Cormier is an AUSA at said USAO. AUSA Cormier is being sued as an individual as well.

a130. Defendant Maia Perez is an AUSA at said USAO. AUSA Perez is being sued as an individual as well.

a131. Defendant Chris Vieira is an AUSA at said USAO. AUSA Vieira is being sued as

an individual as well.

a132. Defendant Jeff Nedrow is an AUSA at said USAO. AUSA Nedrow is being sued as an individual as well.

a133. Defendant Elise Becker is an AUSA at said USAO. AUSA Becker is being sued as an individual as well.

a134. Defendant Barbara J. Valliere is an AUSA at said USAO. AUSA Valliere is being sued as an individual as well.

a135. Defendant Daniel Kaleba is an AUSA at said USAO. AUSA Kaleba is being sued as an individual as well.

a136. Defendant Shiao Lee is an AUSA at said USAO. AUSA Lee is being sued as an individual as well.

a137. Defendant Merry Jean Chan is an AUSA at said USAO. AUSA Chan is being sued as an individual as well.

a138. Defendant Sara Winslow is an AUSA at said USAO. AUSA Winslow is being sued as an individual as well.

a139. Defendant Neill T. Tseng is an AUSA at said USAO. AUSA Tseng is being sued as an individual as well.

a140. Defendant David Harlow was acting director of U.S. Marshals Service ("USMS") from July 26, 2015 until January 3, 2018. Director Harlow is being sued as an individual as well.

a141. Defendant David J. Anderson was acting deputy director of USMS from January 4, 2018 until March 13, 2019. Director Anderson is being sued as an individual as well.

a142. Defendant Donald M. O'Keefe is U.S. Marshal for the Northern District of California. Marshal O'Keefe is being sued as an individual as well.

a143. Defendant Marc A. Harwell is supervisory deputy U.S. marshal, U.S. Marshal's Office for the Northern District of California ("USMO"). Deputy marshal Harwell is being sued as an individual as well.

a144. Defendants Does 2-30 are deputy U.S. marshals at said USMO. Deputy marshals Does 2-30 are being sued as individuals as well.

a145. Defendant Chris Yamaguchi is a court security officer ("CSO") at said USMO. CSO Yamaguchi is being sued as an individual as well.

a146. Defendant Mary Guttoruson is a CSO at said USMO. CSO Guttoruson is being sued as an individual as well.

a147. Defendants Does 31-60 are CSOs at said USMO. CSOs Does 31-60 are being sued as individuals as well.

a148. Defendants Does 61-80 are deputy U.S. marshals at Justice Prisoner and Alien Transportation System, USMS. Deputy marshals Does 61-80 are being sued as individuals as well.

a149. Defendant L. J. Milusnic is the warden of Metropolitan Detention Center, Los Angeles ("MDC-LA"). Warden Milusnic is being sued as an individual as well.

a150. Defendant Lisa Hope is chief forensic psychologist at MDC-LA. Dr. Hope is being sued as an individual as well.

a151. Defendant Leslie Johnson is a forensic psychologist at MDC-LA. Dr. Johnson is being sued as individual as well.

a152. Defendant Doe 81 is a case manager at MDC-LA. Case manager Doe 81 is being sued as an individual as well.

a153. Defendant Doe 82 is a unit manager at MDC-LA. Unit manager Doe 82 is being sued as an individual as well.

a154. Defendant Doe 83 is a counselor at MDC-LA. Counselor Doe 83 is being sued as an individual as well.

a155. Defendant K. Gavin is a lieutenant at MDC-LA. Lieutenant Gavin is being sued as an individual as well.

a156. Defendant A. Oughourli is a registered nurse at MDC-LA. Nurse Oughourli is being sued as an individual as well.

a157. Defendants Does 84-100 are correctional officers ("COs") at MDC-LA. COs Does 84-100 are being sued as individuals as well.

a158. Defendant Doe 101 is warden of Federal Transfer Center ("FTC"), Oklahoma City, Oklahoma. Warden Doe 101 is being sued as an individual as well.

a159. Defendants Does 102-103 are COs at FTC-OKC. Defendants Does 102-103 are being sued as individuals as well.

a160. Defendant J. C. Holland is the warden of Federal Correctional Complex, Butner, North Carolina. Warden Holland is being sued as an individual as well.

a161. Defendant T. Smith is the warden of Federal Medical Center ("FMC"), Butner, North Carolina. Warden Smith is being sued as an individual as well.

a162. Defendant A.W. Rupska is an associate warden at FMC-Butner. Warden Rupska is being sued as an individual as well.

a163. Defendant L. Wheat is chief forensic psychologist at FMC-Butner. Dr. Wheat is being sued as an individual as well.

a164. Defendant R. Koch is a forensic psychologist at FMC-Butner. Dr. Koch is being sued as an individual as well.

a165. Defendant Joseph S. Zonno is a forensic psychologist at FMC-Butner. Dr. Zonno is being sued as an individual as well.

a166. Defendant L. Graddy is a staff psychiatrist at FMC-Butner. Dr. Graddy is being sued as an individual as well.

a167. Defendant Charles L. Griffin is a case manger at FMC-Butner. Case manager Griffin is being sued as an individual as well.

a168. Defendant J. Wiggins is a counselor at FMC-Butner. Counselor Wiggins is being sued as an individual as well.

a169. Defendant T. Rule is a captain at FMC-Butner. Captain Rule is being sued as an individual as well.

a170. Defendant E. Singleton is a lieutenant at FMC-Butner. Lieutenant Singleton is being sued as an individual as well.

a171. Defendant C. Plucker is a lieutenant at FMC-Butner. Lieutenant Plucker is being sued as an individual as well.

a172. Defendant M. Bowerman is a lieutenant at FMC-Butner. Lieutenant Bowerman is being sued as an individual as well.

a173. Defendants Does 104-130 are COs at FMC-Butner. COs Does 104-130 are being sued as individuals as well.

a174. Defendant Adnan Nogo is a physician at FMC-Butner. Dr. Nogo is being sued as an individual as well.

a175. Defendant Doe 131 is a physician at FMC-Butner. Dr. Doe 131 is being sued as an individual as well.

a176. Defendant L. Overton is a nurse practitioner at FMC-Butner. Nurse Overton is being sued as an individual as well.

a177. Defendant Renee Smith is a registered nurse at FMC-Butner. Nurse Smith is being sued as an individual as well.

a178. Defendants Does 132-140 are registered nurses at FMC-Butner. Nurses Does 132-140 are being sued as individuals as well.

a179. Defendants Does 141-147 are physician assistants ("PAs") at FMC-Butner. PAs Does 141-147 are being sued as individuals as well.

a180. Defendant Michael East is the U.S. Marshal for the Eastern District of North Carolina. Marshal East is being sued as an individual as well.

a181. Defendant Robert D. Pettit was acting U.S. Marshal for the Eastern District of North Carolina. Marshal Pettit is being sued as an individual as well.

a182. Defendants Does 148-155 are deputy U.S. marshals at U.S. Marshal's Office for the Eastern District of North Carolina. Said defendants are being sued as individuals as well.

a183. Defendant Andrei Iancu is the director of U.S. Patent and Trademark Office ("USPTO"). Director Iancu is being sued as an individual as well.

a184. Defendant Michelle K. Lee was director of USPTO from January 13, 2014 until June 6, 2017. Director Lee is being sued as an individual as well.

a185. Defendant Teresa S. Rea was acting director of USPTO from February 2013 until November 21, 2013. Director Rea is being sued as an individual as well.

a186. Defendant Margaret A. Focarino is the commissioner for patents of USPTO. Commissioner Focarino is being sued as an individual as well.

a187. Defendant Donald T. Hajec is the director of Technology Center 3700 at USPTO. Director Hajec is being sued as an individual as well.

a188. Defendant Jason J. Boeckmann is a patent examiner at USPTO. Said examiner is being sued as an individual as well.

a189. Defendant Thurman K. Page is a petitions examiner at USPTO. Examiner Page is being sued as an individual as well.

a190.  Defendant Taiwan, Republic of China, is a state with uncertain political status in East Asia.

a191.  Defendant the Intellectual Property Office of Taiwan ("TIPO") is the patent, trademark, and copyright office of Taiwan.

a192.  Defendant Google, Inc. ("Google") is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California.

a193.  Defendant Facebook, Inc. ("Facebook") is a Delaware corporation with its principal place of business at 1 Hacker Way, Menlo Park, California.

a194.  Defendant Fedex Corporation ("Fedex") is a Delaware corporation with its principal place of business at 942 South Shady Grove Road, Memphis, Tennessee.

a195.  Defendant Hewlett Packard Enterprise Company ("HPE") is a Delaware corporation with its principal place of business at 6280 America Center Drive, San Jose, California.

a196.  Defendant Alameda County Sheriff's Office provides police service for Alameda County. Said sheriff's office has contracted with USMS to house federal inmates in county jails.

a197.  Defendant Gregory J. Ahern is sheriff of Alameda County. Sheriff Ahern is being sued as an individual as well.

a198.  Defendants Does 155-180 are deputy sheriffs at Alameda County sheriff's office. Deputy sheriffs Does 155-180 are being sued as individuals as well.

a199.  Defendant Sunnyvale Department of Public Safety ("SVDPS") provides police, fire, and emergency medical services for the city of Sunnyvale, where plaintiff resides.

a200.  Defendant Phan S. Ngo is the chief of SVDPS. Chief Ngo is being sued as an individual as well.

a201.   Defendant Frank J. Grgurina was chief of SVDPS from November 2011 until December 2016. Chief Grgurina is being sued as an individual as well.

a202.   Defendant CoreCivic, Inc. ("CoreCivic") is a Maryland corporation with its principal place of business at 10 Burton Hills Boulevard, Nashville, Tennessee. CoreCivic owns and operates Nevada Southern Detention Center ("NSDC");

a203.   Defendant Brian Koehn is the warden of NSDC. Warden Koehn is being sued as an individual as well.

a204.   Defendant Janice Killian was warden of NSDC from May 2017 until September 2018. Warden Killian is being sued as an individual as well.

a205.   Defendant Doe 181 is a case manager at NSDC. Case manager Doe 181 is being sued as an individual as well.

a206.   Defendant Doe 182 is a counselor at NSDC. Counselor Doe 182 is being sued as an individual as well.

a207.   Defendants Does 183-200 are COs at NSDC. COs Does 183-200 are being sued as individuals as well.

a208.   Defendant San Bernardino County Sheriff's Department provides police service for San Bernardino County. The sheriff's department has contracted with USMS to house federal inmates in county jails.

a209.   Defendant John McMahon is sheriff of San Bernardino County. Sheriff McMahon is being sued as an individual as well.

a210.   Defendants Does 201-203 are deputy sheriffs at San Bernardino County sheriff's department. Deputy sheriffs Does 201-203 are being sued as individuals as well.

## FACTURAL BACKGROUND

b1.     On February 2, 2010, plaintiff filed an employment discrimination complaint against U.S. Postal Service ("USPS") and a number of its employees (Case No. 5:10-cv-464-RS, "*USPS I*"). Judge Seeborg dismissed *USPS I* on June 6, 2011.

b2.     On July 6, 2011, plaintiff appealed from judge Seeborg's dismissal of *USPS I* to the Ninth Circuit (Case No. 11-16653). Judge Schroeder, judge Thomas, and judge Silverman denied the appeal on July 20, 2012.

b3.     On February 12, 2013, plaintiff petitioned the Supreme Court for certiorari to review the Ninth Circuit's ruling on *USPS I* (Case No. 12-1018). On May 25, 2013, the Supreme Court denied the petition for certiorari.

b4.     Based on the dismissal of *USPS I*, plaintiff filed a misconduct complaint against judge Seeborg on July 18, 2011 (Case No. 11-90131). Judge Kozinski dismissed the misconduct complaint on October 7, 2011.

b5.     On October 28, 2011, plaintiff petitioned the Ninth Circuit judicial council for review of judge Kozinski's dismissal of the misconduct complaint against judge Seeborg. The judicial council denied the petition for review on December 6, 2011.

b6.     Plaintiff filed a misconduct complaint against the Ninth Circuit judicial council and judge Seeborg on January 5, 2012 (Case Nos. 12-90006 through 12-90017). Judge Pregerson dismissed the misconduct complaint on August 24, 2012.

b7.     On September 17, 2012, plaintiff petitioned the U.S. Judicial Conference for review of judge Pregerson's dismissal of the misconduct complaint against the Ninth Circuit judicial counsel and judge Seeborg. On May 14, 2013, judge Reinhardt denied the petition for review. Judge Reinhardt also directed plaintiff to justify said petition for review in an order to show cause (Case Nos. 12-90140 through 12-90151).

b8. Based on *USPS I*, plaintiff filed a complaint against four postal employees on May 31, 2012 (Case No. 5:12-cv-2798-LHK, "*USPS II*"). On November 9, 2012, judge Koh dismissed the case.

b9. On July 5, 2013, plaintiff filed a complaint against USPTO and a number of its employees (Case No. 5:13-cv-3118-PSG, "*USPTO I*"). On November 4, 2013, judge Grewal dismissed the case.

b10. Based on *USPS I*, plaintiff filed a complaint against chief justice Roberts as well as other federal employees on August 7, 2013 (Case No. 3:13-cv-3663-SI, "*USPS III*"). Judge Illston dismissed the case on November 8, 2013.

b11. Based on *USPS II*, plaintiff filed a complaint against chief justice Roberts as well as other federal employees on September 25, 2013 (Case No. 3:13-cv-4442-EMC, "*USPS IV*"). On December 20, 2013, Judge Chen dismissed the case.

b12. Based on *USPS IV*, plaintiff lodged a complaint against chief justice Roberts and other federal employees on January 23, 2014 (Case No. 5:14-mc-80017-RMW, "*USPS V*"). On January 30, 2014, judge Whyte dismissed the case.

b13. Based on *USPS IV*, plaintiff lodged a complaint against chief justice Roberts and other federal employees on January 24, 2014 (Case No. 3:14-mc-80018-RS, "*USPS VI*"). Judge Seeborg dismissed the case on February 7, 2014.

b14. Based on *USPS IV*, plaintiff lodged a complaint against chief justice Roberts and other federal employees on February 3, 2014 (Case No. 4:14-mc-80028-JSW, "*USPS VII*"). On March 26, 2014, judge White dismissed the case.

b15. Based on *USPS V*, plaintiff lodged a complaint against chief justice Roberts and other federal employees on February 6, 2014 (Case No. 4:14-mc-80030-JSW, "*USPS VIII*"). On March 26, 2014, judge White dismissed the case.

b16. Based on *USPS IV*, plaintiff lodged a complaint against chief justice Roberts and other federal employees on June 10, 2014 (Case No. 5:14-mc-80174-BLF, "*USPS IX*"). Judge Freeman dismissed the case on July 8, 2018.

b17. On July 7, July 22, July 29, and August 6, 2014, plaintiff moved to intervene in a criminal case (Case No. 3:14-cr-196-CRB, "*Intervene I*"). Judge Breyer denied the motions to intervene on July 8, July 24, August 4, and September 8, 2014 respectively.

b18. On August 1, and August 19, 2014, plaintiff moved to intervene in a criminal case against Fedex (Case No. 3:14-cr-380-CRB, "*Intervene II*"). Judge Breyer denied the motions to intervene on August 5, and August 27, 2014 respectively.

b19. On August 5, 2014, plaintiff moved to intervene in a criminal case against HPE (Case No. 5:14-cr-201-DLJ, "*Intervene III*"). At the same time, plaintiff moved to vacate judge Chen's pre-filing review order in *USPS IV*. On August 21, 2014, judge Jensen denied both the motion to intervene and the motion to vacate order.

b20. Based on *USPS IX* and *intervene III*, plaintiff lodged a complaint against chief justice Roberts as well as other federal employees on November 10, 2014 (Case No. 5:14-mc-80306-LHK, "*USPS X*"). Judge Chhabria dismissed the case on November 14, 2014.

b21. Based on *USPS X*, plaintiff lodged a complaint on December 18, 2014 (Case No. 3:14-mc-80342-WHA, "*USPS XI*"). Judge Alsup dismissed the case on December 18, 2014.

b22. Based on *Intervene III*, plaintiff lodged a complaint on January 22, 2015 (Case No. 4:15-mc-80031-YGR, "*Intervene IV*"). Judge Rogers dismissed the case on April 6, 2015.

b23. Based on *Intervene III*, plaintiff lodged a complaint on May 22, 2015 (Case No. 5:15-mc-80149-BLF, "*Intervene V*"). Plaintiff lodged a second complaint based on *Intervene III* also on June 1, 2015 (Case No. 5:15-mc-80151-EJD, "*Intervene VI*"). Judge Freeman dismissed both cases on June 5, 2015.

b24.   Based on *Intervene III*, plaintiff lodged a complaint on June 18, 2015 (Case No. 5:15-mc-80172-EJD, "*Intervene VII*"). An order signed by district judge Edward J. Davila dismissed the case on June 23, 2015.

b25.   On June 29, 2015, plaintiff submitted a criminal complaint to judge Hamilton, judge Miller, judge Armstrong, judge Chesney, judge Gilliam, judge Henderson, judge Conti, judge Orrick, judge Tiger, and judge Wilken based on *Intervene III*.

b26.   Based on *Intervene III*, plaintiff lodged a complaint on July 17, 2015 (Case No. 5:15-mc-80197-LHK, "*Intervene VIII*"). Judge Koh dismissed the case on April 15, 2016.

b27.   On July 24, 2015, plaintiff submitted the June 29, 2015 criminal complaint, ¶ b25, to judge Beeler, judge Corley, judge Cousins, judge Grewal, judge James, judge Laporte, judge Lloyd, judge Ryu, judge Spero, judge Vadas, and judge Westmore.

b28.   Based on *Intervene III*, plaintiff lodged a complaint on August 7, 2015 (Case No. 5:15-mc-80213-BLF, "*Intervene IX*"). Judge Freeman dismissed the case on August 13, 2015.

b29.   On August 28, 2015, plaintiff petitioned the House Judiciary Committee for impeachment against president Obama, judge Hamilton, judge Miller, judge Wilken, judge Conti, judge Chesney, judge Henderson, judge Armstrong, judge Breyer, judge Whyte, judge White, judge Orrick, judge Alsup, judge Rogers, judge Tigar, judge Chen, judge Koh, judge Seeborg, judge Freeman, judge Donato, judge Chhabria, judge Gilliam, judge Spero, judge Beeler, judge Corley, judge James, judge Laporte, judge Ryu, judge Westmore, judge Lloyd, judge Cousins, judge Vadas, judge Grewal, FAG Lynch, FUSA Haag, AUSA Scharf, AUSA Cormier, marshal O'Keefe, deputy marshal Harwell, and other federal officials.

b30.   On June 15, 2016, plaintiff's spouse transferred her interest in their residence to plaintiff. As a result, Santa Clara County Assessor's Office terminated plaintiff's homeowners' exemption for the ensuing tax years.

b31. On December 19, 2016, plaintiff filed a complaint against Star One Credit Union, Santa Clara County sheriff's office, Santa Clara County district attorney's office, SVDPS, and others (Case No. 5:16-cv-7225-EJD "*Star One*").

b32. On February 3, 2017, Santa Clara County filed a complaint against the Trump administration (Case No. 5:17-cv-00574-WHO, "*Sanctuary County*"). On March 29, 2017, plaintiff moved to intervene in the case. On April 3, 2017, judge Orrick dismissed the motion to intervene.

b33. On May 2, 2017, said USAO instituted a criminal action against plaintiff (Case No. 3:17-cr-263-MMC, "*Criminal Case*").

b34. On May 11, 2017, the USAO filed an indictment in *Criminal Case*.

b35. Judge Spero ordered plaintiff's conditional release from Alameda County Jail in Oakland on May 19, 2017.

b36. Judge Chesney ordered plaintiff's commitment to the custody of the Attorney General for competence evaluation at MDC-LA on August 24, 2017.

b37. Judge Chesney ordered plaintiff's commitment to the custody of the Attorney General for competence restoration at FMC-Butner on December 19, 2017.

b38. On April 5, 2018, plaintiff petitioned the U.S. District Court for the Eastern District of North Carolina ("second district court") for a writ of habeas corpus (Case No. 5:18-hc-2081-BO). Judge Boyle denied the petition on September 17, 2018.

b39. On September 28, 2018, plaintiff filed an FTCA complaint against chief justice Roberts, judge Boyle, and other federal employees with the second district court (Case No. 5:18-ct-3272-FL, "*FTCA I*").

b40. On October 31, 2018, judge Chesney dismissed the indictment in *Criminal Case*.

b41. On June 3, 2019, plaintiff filed an FTCA complaint against judge Leavy, judge

Callahan, and judge Bea (Case No. 5:19-cv-3049-EJD, "*FTCA II*").

b42.    On October 17, 2019, plaintiff filed a complaint with the Superior Court in Santa Clara County against assessor Stone, clerk Tonini, judge Davila, and Santa Clara County (Case No. 19cv356670, "*County I*").

b43.    Based on *County I* plaint filed a complaint with the Superior Court in Santa Clara County on December 10, 2019 (Case No. 19cv359839, "*County II*").

**CLAIMS**

c1.    Claim 1 Civil Rights Violation: On August 5, 2010, U.S. Senate confirmed FUSA Haag as the U.S. attorney for the northern district of California. President Obama had nominated FUSA Haag to replace FUSA Joseph Russoniello on FAG Holder's advice in order for her to take over the litigation of *USPS I*. On April 26, 2011, said USAO moved for summary dismissal of the case. Judge Seeborg dismissed *USPS I* without a jury trial on June 6, 2011. Thus, president Obama, FAG Holder, judge Seeborg, FUSA Haag, and AUSA Scharf have collaborated to deny plaintiff the Seventh Amendment right to a jury trial.

c2.    Claim 2 Civil Rights Violation: The Ninth Circuit denied plaintiff's appeal from judge Seeborg's summary dismissal of *USPS I* on July 20, 2012. Judge Schoeder, judge Thomas, and judge Silverman have deprived plaintiff of the Seventh Amendment right to a jury trial.

c3.    Claim 3 Civil Rights Violation: On May 25, 2013, the Supreme Court denied the petition for certiorari to review the Ninth Circuit's denial of appeal from the dismissal of *USPS I*. Thus, chief justice Roberts, justice Kennedy, justice Thomas, justice Ginsburg, justice Breyer, justice Alito, justice Sotomayor, and justice Kagan have denied plaintiff the Seventh Amendment right to a jury trial.

c4.    Claim 4 Civil Rights Violation: On October 7, 2011, judge Kozinski dismissed plaintiff's misconduct complaint against judge Seeborg despite his dismissal of *USPS I* without a

jury trial. Accordingly, judge Kozinski has deprived plaintiff of the Seventh Amendment right to a jury trial.

c5. Claim 5 Civil Rights Violation: On December 6, 2011, the Ninth Circuit judicial council denied plaintiff's petition for review of judge Kozinski's dismissal of the misconduct complaint against judge Seeborg despite his dismissal of *USPS I* without a jury trial. Thus, judge Kozinski, judge Hug, judge Thomas, judge Fisher, judge Gould, judge Clifton, judge Beistline, judge Collins, judge Ware, judge Hunt, and judge McNamee have denied plaintiff the Seventh Amendment right to a jury trial.

c6. Claim 6 Civil Rights Violation: On August 24, 2012, judge Pregerson dismissed plaintiff's misconduct complaint against the Ninth Circuit judicial council and judge Seeborg in spite of the dismissal of *USPS I* without a jury trial. Judge Pregerson had denied plaintiff the Seventh Amendment right to a jury trial.

c7. Claim 7 Civil Rights Violation: Counsel Loesche informed plaintiff on January 2, 2013 about his lack of "right of further review" under 28 U.S.C. §§ 352(c), 357(c) with regard to the dismissal of *USPS I* without a jury trial. Accordingly, chief justice Roberts, judge Hogan, and counsel Loesche have deprived plaintiff of the Seventh Amendment right to a jury trial.

c8. Claim 8 Civil Rights Violation: Acting in excess of jurisdiction, judge Reinhardt dismissed on May 14, 2013 plaintiff's petition for review to the U.S. Judicial Conference with regard to the dismissal of *USPS I* without a jury trial. Judge Reinhardt had denied plaintiff the Seventh Amendment right to a jury trial.

c9. Claim 9 Civil Rights Violation: On September 18, 2013, the Ninth Circuit judicial council subjected plaintiff's further complaints and petitions to pre-filing review as a result of judge Reinhardt's order to show cause, ¶ b7. Judge Kozinski, judge Wallace, judge Thomas, judge Fisher, judge Tallman, judge Clifton, judge Beistline, judge King, judge Wilken, judge

Ishii, and judge McNamee have denied plaintiff due process of law under the Fifth Amendment.

c10. Claim 10 Unconstitutionality of 28 U.S.C. §§ 351-364: "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish" according to the Constitution. Yet 28 U.S.C. § 331 permits the U.S. Judicial Conference to exercise the authority provided in 28 U.S.C. §§ 351-364 as the Conference, or through a standing committee. Thus, a complainant may petition the circuit judicial council to review his misconduct complaint under 28 U.S.C. § 352(c). And the circuit judicial council may refer said complaint to the Judicial Conference under 28 U.S.C. § 354(b)(1) for resolution. Since neither a circuit judicial council nor the Judicial Conference constitutes a Court, they lack jurisdiction over the complaint in question. For this reason 28 U.S.C. §§ 331, 351-364 constitute unconstitutional statutes.

c11. Claim 11 Civil Rights Violation: The Judicial Conduct and Disability Act Study Committee of U.S. Judicial Conference published a report on the implementation of the subject statute in September 2006. The report has legitimized the unconstitutional statutes in question, thereby leading to the adverse decisions in claims 4-9 against plaintiff. The judiciary officials named in claims 4-9 have colluded with justice Breyer, judge Bowman, judge Wilkinson, judge Barker, and judge Hornby to deprive plaintiff of the Seventh Amendment right to a jury trial in regard to *USPS I*.

c12. Claim 12 Civil Rights Violation: In response to a motion to dismiss by USAO, judge Koh dismissed *USPS II* on November 9, 2012 without a jury trial. In so doing, judge Koh, FUSA Haag, and AUSA Scharf have conspired to deny plaintiff the Seventh Amendment right to a jury trial.

c13. Claim 13 Civil Rights Violation: Upon a motion to dismiss by said USAO, judge Grewal dismissed *USPTO I* on November 4, 2013 without a jury trial. Judge Grewal, FUSA

Haag, and AUSA Scharf have deprived plaintiff of the Seventh Amendment right to a jury trial.

c14. <u>Claim 14 Constitutional Violation</u>: Judge Grewal has dismissed *USPTO I* without a jury trial in order to legitimize USPTO's unwarranted rejection of plaintiff's patent application. Accordingly, director Rea, commissioner Focarino, director Hajec, examiner Boeckmann, and examiner Page have denied plaintiff a patent as authorized by the Constitution.

c15. <u>Claim 15 Constitutional Violation</u>: USPTO suspended plaintiff's application for patent on July 15, 2013 pending *USPTO I*. On November 11, 2014, president Obama nominated director Lee from Google to head USPTO so as to perpetrate said suspension. Director Iancu has declined to act on plaintiff's patent application since February 8, 2018 when he took office. Thus, president Obama, director Lee, director Iancu, and Google have collaborated to deprive plaintiff of the constitutional right to a patent through suspension of his patent application in *USPTO I*.

c16. <u>Claim 16 Constitutional Violation</u>:  On August 28, 2015, plaintiff petitioned the House Judiciary Committee to impeach president Obama, judge Grewal, FUSA Haag, AUSA Scharf, and other federal officials, ¶ b29. Yet no articles of impeachment against the respondents emerged. In June 2016, judge Grewal retired from this district court so as to assume the position of vice president and deputy general counsel at Facebook. Congressman Nadler, congresswoman Lofgren, and certain members of said committee have conspired with president Obama, judge Grewal, FUSA Haag, AUSA Scharf, and Facebook to deny plaintiff the constitutional right to a patent based on his patent application in *USPTO I*.

c17. <u>Claim 17 Constitutional Violation</u>: Plaintiff applied for a patent with TIPO based on the same subject invention in *USPTO I* on October 25, 2007. However, TIPO rejected the patent application on February 8, 2010, May 19, 2010, and February 22, 2011 relying on the same arguments as those USPTO had rejected plaintiff's patent application with. President

Obama has requested secretary Clinton to pressure the government of Taiwan and TIPO to reject plaintiff's patent application thereof in order to legitimize said rejections by USPTO. President Obama, secretary Clinton, Taiwan, and TIPO have deprived plaintiff of the constitutional right to a patent based on his patent application in *USPTO I*.

c18. <u>Claim 18 Civil Rights Violation</u>: On September 20, 2013, said USAO moved to dismiss *USPS III*. On November 8, 2013, judge Illston dismissed the case without a jury trial. Accordingly, judge Illston, FUSA Haag, and AUSA Scharf have conspired to deny plaintiff the Seventh Amendment right to a jury trial.

c19. <u>Claim 19 Civil Rights Violation</u>: On November 5, 2013, said USAO moved to dismiss *USPS IV*. On December 20, 2013, judge Chen dismissed *USPS IV* without a jury trial. Judge Chen, FUSA Haag, and AUSA Scharf have colluded to deprive plaintiff of the Seventh Amendment right to a jury trial.

c20. <u>Claim 20 Civil Rights Violation</u>: On November 14, 2013, said USAO moved for finding plaintiff a vexatious litigant. On December 20, 2013, judge Chen ordered that plaintiff's subsequent complaints be subject to pre-filing review. In so doing, judge Chen, FUSA Haag, and AUSA Scharf have denied plaintiff due process of law under the Fifth Amendment.

c21. <u>Claim 21 Civil Rights Violation</u>: On January 30, 2014, judge Whyte dismissed *USPS V* based on judge Chen's pre-filing review order in *USPS IV*. Accordingly, judge Whyte has deprived plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c22. <u>Claim 22 Civil Rights Violation</u>: On February 7, 2014, judge Seeborg dismissed *USPS VI* based on judge Chen's pre-filing review order in *USPS IV*. Judge Seeborg has denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury.

c23. <u>Claim 23 Civil Rights Violation</u>: On March 26, 2014, judge White dismissed both *USPS VII* and *USPS VIII* based on judge Chen's pre-filing review order in *USPS IV*. Thus, judge White has deprived plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c24. <u>Claim 24 Civil Rights Violation</u>: On July 8, 2014, judge Freeman dismissed *USPS IX* based on judge Chen's pre-filing review order in *USPS IV*. Judge Freeman has denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c25. <u>Claim 25 Civil Rights Violation</u>: Judge Breyer denied plaintiff's four motions to intervene in *Intervene I* before said USAO responded, ¶ b17. Thus, judge Breyer has denied plaintiff due process of law under the Fifth Amendment as well as equal protection of the laws under the Fourteenth Amendment.

c26. <u>Claim 26 Civil Rights Violation</u>: Judge Breyer denied plaintiff's both motions to intervene in *Intervene II* before either the USAO or Fedex responded, ¶ b18. Fedex has declined to respond in order to receive a lenient judgment from judge Breyer. Said USAO has evaded responding so as to legitimize its motion to dismiss in *USPS I*. Judge Breyer, FUSA Haag, and Fedex have colluded to deprive plaintiff of due process of law under the Fifth Amendment as well as equal protection of the laws under the Fourteenth Amendment.

c27. <u>Claim 27 Civil Rights Violation</u>: Based on judge Chen's pre-filing review order in *USPS IV*, judge Jensen denied both plaintiff's motion to intervene in *Intervene III* and his motion to vacate said pre-filing review order before either the USAO or HPE responded. HPE's inaction has resulted in a lenient judgment from judge Jensen. USAO's silence stems from its liability for the motion to dismiss in *USPS I*. Thus, judge Jensen, FUSA Haag, and HPE have collaborated to deny plaintiff due process of law under the Fifth Amendment as well as equal protection of the

laws under the Fourteenth Amendment.

c28. <u>Claim 28 Civil Rights Violation</u>: Due to judge Chen's pre-filing review order in *USPS IV*, judge Chhabria dismissed *USPS X* on November 14, 2014 without a jury trial. Thus, judge Chhabria has deprived plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c29. <u>Claim 29 Civil Rights Violation</u>: Owing to judge Chen's pre-filing review order in *USPS IV*, judge Alsup dismissed *USPS XI* on December 18, 2014 without a jury trial. Judge Alsup has denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c30. <u>Claim 30 Civil Rights Violation</u>: Based on judge Chen's pre-filing review order in *USPS IV*, judge Rogers dismissed *Intervene IV* on April 6, 2015 without a jury trial. Thus, judge Rogers has deprived plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c31. <u>Claim 31 Civil Rights Violation</u>: On May 25, 2015, plaintiff lodged the complaint in *Intervene V* at this district court. The receiving deputy clerk forwarded said complaint to judge Nonato, who passed it to judge Freeman. Due to judge Chen's pre-filing review order in *USPS IV*, judge Freeman dismissed the complaints in both *Intervene V* and *Intervene VI* on June 5, 2015 without a jury trial. Judge Freeman has colluded with judge Donato to deny plaintiff due process of law under the Fifth Amendment and the Seventh Amendment right to a jury trial.

c32. <u>Claim 32 Civil Rights Violation</u>: Based on judge Chen's pre-filing review order in *USPS IV*, an order signed by judge Davila dismissed *Intervene VII* on June 23, 2015 without a jury trial. Judge Freeman has falsified the dismissal of *Intervene VII* so as to justify her dismissal of *Intervene VI*. Accordingly, judge Freeman has deprived plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c33.    Claim 33 Civil Rights Violation: Based on judge Chen's pre-filing review order in *USPS IV*, judge Koh dismissed *Intervene VIII* on April 15, 2016 without a jury trial. In so doing, judge Koh has denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c34.    Claim 34 Civil Rights Violation: On July 9, 2015, judge Hamilton responded to the June 29, 2015 criminal complaint, ¶ b25, directing plaintiff to submit a civil complaint. Yet judge Koh dismissed *Intervene VIII* on April 15, 2016 without a jury trial. On the other hand, judge Armstrong, judge Chesney, judge Gilliam, judge Henderson, judge Conti, judge Orrick, judge Tigar, judge Wilken, judge Beeler, judge Corley, judge Grewal, judge Cousins, judge James, judge Laporte, judge Lloyd, judge Ryu, judge Spero, judge Vadas, and judge Westmore have evaded replying to said criminal complaint. Thus, said judges have conspired to deprive plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c35.    Claim 35 Civil Rights Violation: Based on judge Chen's pre-filing review order in *USPS IV*, judge Freeman dismissed *Intervene IX* on August 13, 2015 without a jury trial. In so doing, judge Freeman has denied plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c36.    Claim 36 Civil Rights Violation: On June 15, 2016, plaintiff's spouse transferred her interest in their residence to plaintiff. DA Rosen sent a letter to plaintiff's spouse on June 17, 2016 questioning whether the transfer represented a real estate fraud. Next Santa Clara County Assessor's Office terminated plaintiff's homeowners' exemption for the ensuing tax years. However, the Interspousal Transfer Grant Deed states:

> This is an Interspousal Transfer and not a change in ownership under Section 63 of the Revenue and Taxation Code, and transfer by Grantor(s) is excluded from reappraisal as a creation, transfer, or termination, solely between the spouses of any co-owner's interest.

Thus, the county assessor's office has illegally terminated plaintiff's homeowners' exemption in order to raise his property tax. Assessor Stone, clerk Tonini, DA Rosen, and Santa Clara County have deprived plaintiff of the Fourth Amendment right against unreasonable seizures.

c37. Claim 37 Civil Rights Violation: On March 29, 2017, an order signed by judge Davila dismissed *Star One*, ¶ b31. Judge Jensen denied plaintiff's motion for reconsideration during an April 27, 2017 hearing. Yet the order bears judge Davila's signature. Accordingly, judge Freeman has falsified both orders so as to legitimize the dismissal of *Intervene IX*, ¶ c35. Judge Freeman, judge Jensen, clerk Soong, deputy clerk Puli, and deputy clerk Kratzmann have conspired to deny plaintiff due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c38. Claim 38 Civil Rights Violation: On November 8, 2014, president Obama named FAG Lynch to succeed FAG Holder. Due to the August 28, 2015 petition for impeachment to the House Judiciary Committee, ¶ b29, FUSA Haag resigned from office after designating FUSA Stretch as her successor on September 1, 2015. On April 3, 2017, judge Orrick denied plaintiff's motion to intervene in *Sanctuary County* before said USAO responded. The denial allows the USAO to evade investigation into criminal offenses against plaintiff by Santa Clara County sheriff's office, Santa Clara County district attorney's office, and SVDPS in *Star One*. Judge Orrick, president Obama, FAG Lynch, FUSA Haag, and FUSA Stretch have collaborated to deprived plaintiff of due process of law under the Fifth Amendment as well as equal protection of the laws under the Fourteenth Amendment.

c39. Claim 39 Civil Rights Violation: On May 2, 2017, said USAO instituted *Criminal Case* against plaintiff, ¶ b33. The complaint states that CSO Yamaguchi and CSO Guttoruson placed plaintiff "in handcuffs and escorted him off the Court floor." However, 18 U.S.C. § 3053 permits "United States marshals and their deputies" – rather than CSOs – to make arrests without

warrant. Thus, judge van Keulen, FUSA Stretch, AUSA Perez, AUSA Vieira, AUSA Nedrow, director Harlow, marshal O'Keefe, deputy marshal Harwell, deputy marshals Does 2-15, CSO Yamaguchi, CSO Guttoruson, CSOs Does 31-50, Alameda County sheriff's office, sheriff Ahern, deputy sheriffs Does 155-160, and deputy clerk Salinas-Harwell have colluded to deny plaintiff the Fourth Amendment right against unreasonable seizures as well as due process of law under the Fifth Amendment.

c40.     Claim 40 Unconstitutionality of 18 U.S.C. § 3006A: Federal district courts permit the attorney representing a defendant "full authority to manage the conduct of trial." Therefore, "the client must accept the consequences of the lawyer's decision to forgo cross-examination, to decide not to put certain witnesses on the stand, or to decide not to disclose the identity of certain witnesses in advance of trial." "But the Constitution does not force a lawyer upon a defendant. He may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open." Because its provision precludes an indigent pro se defendant from voluntarily and intelligently waiving his right to counsel, 18 U.S.C. § 3006A constitutes unconstitutional statute.

c41.     Claim 41 Unconstitutionality of 18 U.S.C. §§ 4241-4248: Since 18 U.S.C. § 4241 authorizes pre-trial psychological examination, the statute denies a criminal defendant the Fifth Amendment privilege against self-incrimination. 18 U.S.C. §§ 4241(d), 4246 permit a district court to imprison the accused at a federal mental health facility before jury trial. Thus, these statutes deprive a defendant of the Fourth Amendment right against unreasonable seizures as well as due process of law under the Fifth Amendment.

c42.     Claim 42 Civil Rights Violation: During the initial appearance in *Criminal Case* on May 2, 2017, judge van Keulen appointed attorney Thompson as defense counsel in spite of plaintiff's opposition. On May 8, 2017, judge van Keulen referred plaintiff to pretrial services for

mental health assessment. Judge van Keulen, officer Lew, officer Doe 1, and attorney Thompson have conspired to deny plaintiff the Sixth Amendment right to assistance of counsel as well as the Fifth Amendment right against self-incrimination.

c43.    Claim 43 Civil Rights Violation: On May 5 and May 8, 2017, judge van Keulen granted USAO's motions for detention of plaintiff in order to justify the complaint in *Criminal Case*. Judge van Keulen, FUSA Stretch, AUSA Perez, attorney Thompson, deputy marshals Does 16-20, and deputy sheriffs Does 161-165 have colluded to deprive plaintiff of the Fourth Amendment right against unreasonable seizures.

c44.    Claim 44 Civil Rights Violation: On May 11, 2017, the USAO filed an indictment in *Criminal Case*. The indictment charges plaintiff with attacking a "SPECIAL DUTY UNITED STATES MARSHAL." Thus, there exist material inconsistencies between the complaint and the indictment in *Criminal Case*. Judge van Keulen, FUSA Stretch, AUSA Becker, AUSA Kaleba, foreman Daks, attorney Thompson, director Harlow, marshal O'Keefe, deputy marshals Does 21-25, and CSOs Does 51-60 have collaborated to deny plaintiff the Fourth Amendment right against unreasonable seizures.

c45.    Claim 45 Civil Rights Violations: In *Criminal Case* judge Spero ordered on May 19, 2017 plaintiff's release from Oakland Alameda County Jail pending his participation in a psychological evaluation. In so doing, judge Spero, FUSA Stretch, AUSA Nedrow, AUSA Kaleba, chief Saenz, officer Libby, and attorney Thompson has conspired to deprive plaintiff of the Fifth Amendment right against self-incrimination.

c46.    Claim 46 Civil Rights Violation: Because of plaintiff's refusal to take part in the psychological evaluation ordered by judge Spero, claim 45, a group of deputy marshals and deputy sheriffs from Alameda County arrested plaintiff at his residence and transported him to Santa Rita Alameda County Jail on August 15, 2017. Thus, judge Laporte, director Harlow,

marshal O'Keefe, deputy marshals Does 26-30, sheriff Ahern, deputy sheriffs Does 166-180, chief Ngo, chief Grgurina, and SVDPS have colluded to deny plaintiff the Fourth Amendment right against unreasonable seizures.

c47. Claim 47 Civil Rights Violation: Based on 18 U.S.C. § 4241(a), judge Chesney ordered on August 24, 2017 plaintiff's commitment to the custody of the Attorney General for competence evaluation in *Criminal Case*. USMS transferred plaintiff to MDC-LA on September 28, 2017 via NSDC. During plaintiff's imprisonment at MDC-LA, warden Milusnic requested a fifteen-day extension of the psychological examination on October 6, 2017. Nurse Oughourli and lieutenant Gavin took plaintiff's DNA sample on October 19, 2017. On November 21, 2017, Dr. Hope and Dr. Johnson submitted a forensic evaluation report to judge Chesney. On the other hand, judge Wright, judge Guilford, and judge Fitzgerald declined to rule on plaintiff's motions to dismiss in said case. Judge Chesney, judge Wright, judge Guilford, judge Fitzgerald, deputy clerk Geiger, FUSA Stretch, AUSA Valliere, AUSA Kaleba, AUSA Lee, attorney Thompson, director Harlow, deputy marshals Does 61-70, CoreCivic, warden Killian, case manager Doe 181, counselor Doe 182, COs Does 183-190, San Bernardino sheriff's department, sheriff McMahon, deputy sheriffs Does 201-203, warden Milusnic, Dr. Hope, Dr. Johnson, case manager Doe 81, unit manager Doe 82, counselor Doe 83, lieutenant Gavin, nurse Oughourli, and COs Does 84-100 have conspired to deny plaintiff the Fourth Amendment right against unreasonable seizures.

c48. Claim 48 Civil Rights Violation: Based on 18 U.S.C. § 4241(d), judge Chesney ordered on December 19, 2017 plaintiff's commitment to the custody of the Attorney General for competence restoration in *Criminal Case*. On February 9, 2018, USMS transferred plaintiff to FMC-Butner via NSDC and FTC-OKC. Upon arrival, FMC-Butner put plaintiff in solitary confinement until February 16, 2018. On February 23, 2018, Dr. Koch ordered antipsychotic

medicines for plaintiff. On June 18, 2018, lieutenant Plucker and nurse Smith issued an incident report against plaintiff for failing to report to the laboratory. On June 22, 2018, FMC-Butner again placed plaintiff in solitary confinement until August 6, 2018. On July 18, 2018, judge Chesney extended plaintiff's treatment at FMC-Butner until September 28, 2018 upon request. Judge Chesney, FUSA Tse, AUSA Valliere, AUSA Kaleba, AUSA Lee, attorney Thompson, director Anderson, deputy marshals Does 71-80, warden Killian, COs Does 191-200, warden Doe 101, COs Does 102-103, warden Holland, warden Smith, warden Rupska, Dr. Wheat, Dr. Koch, Dr. Zonno, Dr. Graddy, case manager Griffin, counselor Wiggins, captain Rule, lieutenant Singleton, lieutenant Plucker, lieutenant Bowerman, COs Does 104-130, Dr. Nogo, Dr. Doe 131, nurse Overton, nurse Smith, nurses Does 132-140, PAs Does 141-147, marshal East, marshal Pettit, and deputy marshals Does 148-155 have collaborated to deprive plaintiff of the Fourth Amendment right against unreasonable seizures.

c49.    Claim 49 Civil Rights Violation: Judge Boyle denied plaintiff's petition for a writ of habeas corpus, ¶ b38, because Chesney was in the process of determining his competence to stand trial. Thus, Judge Boyle has denied plaintiff the constitutional right to a writ of habeas corpus, the Fourth Amendment right against unreasonable seizures, and the Fifth Amendment right against self-incrimination.

c50.    Claim 50 Unconstitutionality of 18 U.S.C. § 3161: On October 31, 2018, judge Chesney dismissed the indictment in *Criminal Case* without prejudice. However, 18 U.S.C. § 3161(d)(1) permits said USAO to file a second complaint or indictment against plaintiff "based on the same conduct or arising from the same criminal episode." The USAO has falsified both the complaint and the indictment in *Criminal Case*, claim 39 and claim 44, in order to deprive plaintiff of the Fourth Amendment right against unreasonable seizures. Accordingly, 18 U.S.C. § 3161 constitutes unconstitutional criminal statute.

c51. <u>Claim 51 Civil Rights Violation</u>: In order to preempt *FTCA I*, judge Jones ordered USMS to transfer plaintiff from FMC-Butner on October 3, 2018. On October 31, 2018, judge Chesney dismissed the indictment in *Criminal Case* without prejudice. Thus, judge Chesney, judge Jones, director Anderson, deputy marshals Does 71-80, warden Koehn, and COs Does 191-200 have deprived plaintiff the Fourth Amendment right against unreasonable seizures.

c52. <u>Claim 52 Civil Rights Violation</u>: Judge Jones ordered plaintiff on October 1, 2018 to pay the filing fee in *FTCA I* within 21 days so as to keep the case alive. On January 9, 2019, judge Flanagan ordered dismissal of *FTCA I* unless plaintiff paid the filing fee within 21 days. After plaintiff made the payment on January 25, 2019, deputy clerk Castania has evaded issuing summons against any of the defendants in *FTCA I*. On October 2, 2019, judge Dever dismissed the case without a jury trial. Thus, Judge Dever, judge Flanagan, judge Jones, clerk Moore, and deputy clerk Castania have conspired to deprive plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c53. <u>Claim 53 Civil Rights Violation</u>: On October 31, 2018, judge Chesney dismissed the indictment in *Criminal Case* without prejudice. The ruling authorizes said USAO to continue prosecution under 18 U.S.C. § 3161(d)(1). Judge Chesney, FUSA Tse, AUSA Valliere, AUSA Kaleba, and AUSA Lee have colluded to deny plaintiff the Fourth Amendment right against unreasonable seizures.

c54. <u>Claim 54 Civil Rights Violation</u>: As judge Chesney dismissed the indictment in *Criminal Case* without prejudice on October 31, 2018, plaintiff moved to dismiss the case with prejudice on February 1, March 27, and April 10, 2019. Judge Chesney denied these motions to dismiss on February 22, April 1, and April 19, 2019 in order to allow said USAO to continue prosecuting the case under 18 U.S.C. § 3161. Judge Chesney, U.S. attorney Anderson, AUSA Valliere, AUSA Kaleba, AUSA Lee, and attorney Thompson have conspired to deprive plaintiff

of the Fourth Amendment right against unreasonable seizures.

c55.   Claim 55 Civil Rights Violation: The Supreme Court has never provided a notice of appeal for challenging the constitutionality of the criminal statutes as presented in claims 40, 41, and 50. As a result, plaintiff appealed from judge Chesney's dismissal of the indictment in *Criminal Case*, claims 53 and 54, to the Ninth Circuit on March 18, 2019. Deputy clerk Lewis directed plaintiff to withdraw the untimely appeal three days later. On April 8, 2019, plaintiff moved for certification as to constitutionality of the criminal statutes at issue. On May 1, 2019, judge Leavy, judge Callahan, and judge Bea dismissed the appeal because it was late. Chief justice Roberts, clerk Harris, judge Thomas, judge Leavy, judge Callahan, judge Bea, clerk Dwyer, deputy clerk Lewis, U.S. attorney Anderson, and AUSA Chan have denied plaintiff the Fourth Amendment rights against both unreasonable seizures and self-incrimination.

c56.   Claim 56 Civil Rights Violations: Deputy clerk Walton assigned *FTCA II* to judge van Keulen when the initial complaint was filed on June 3, 2019. Clerk Soong reassigned the case to judge Orrick on June 10, 2019 after judge van Keulen recused herself. Judge Orrick has ruled against plaintiff in *Sanctuary County* in order to deprive him of due process of law under the Fifth Amendment as well as equal protection of the laws under the Fourteenth Amendment, claim 38. Yet on June 13, 2019, said judge set initial case management conference for September 10, 2019 instead of recusing himself from *FTCA II*. Thus, judge Orrick has conspired with judge Hamilton, judge van Keulen, clerk Soong, and deputy clerk Walton to deprive plaintiff of due process of law under the Fifth Amendment.

c57.   Claim 57 Civil Rights Violation: Plaintiff amended the initial complaint in *FTCA II* on August 14, 2019 to include events presented in ¶¶ b1-b28 and ¶¶ b31-b41. On October 8, 2019, deputy clerk Barnes returned the summons and complaints in the case served on chief justice Roberts, justice Kennedy, justice Thomas, justice Ginsburg, justice Breyer, justice Alito,

justice Sotomayor, justice Kagan, and clerk Harris. On October 10, 2019, deputy clerk Barrera, refused to file the proof of service plaintiff submitted to this district court. Moreover, USPS has failed to deliver the return receipt for the documents served on the last seven Supreme Court defendants. Deputy clerk Barnes, deputy clerk Barrera, and FPMG Brennan have denied plaintiff due process of law under the Fifth Amendment.

c58. Claim 58 Civil Rights Violation: Plaintiff requested the county assessor's office to restore his homeowners' exemption on September 10, 2019, claim 36. Because of the lack of response from said office, plaintiff initiated *County I* on October 17, 2019. Said USAO removed the case to this court on October 25, 2019 (Case No. 5:19-cv-7000-BLF). On December 2, 2019, judge Freeman dismissed the claim against judge Davila. On January 29, 2020, judge Freeman dismissed *County I* without a jury trial. Judge Freeman, clerk Soong, deputy clerk Salinas-Harwell, deputy clerk Kratzmann, AG Barr, U.S. attorney Anderson, AUSA Winslow, AUSA Scharf, counsel Willaims, deputy counsel Sandoval, deputy counsel Dhadialla, and Santa Clara County have deprived plaintiff the Fourth Amendment right against unreasonable seizures as well as the Seventh Amendment right to a jury trial.

c59. Claim 59 Civil Rights Violation: On October 9, 2019, an order signed by judge Davila dismissed *FTCA II* without a jury trial. Due to dismissal of the claim against judge Davila in *County I*, claim 58, judge Freeman has acknowledged her falsifying dismissal of *FTCA II*. Judge Freeman, U.S. attorney Anderson, and AUSA Winslow have denied plaintiff the Seventh Amendment right to a jury trial in *FTCA II*.

c60. Claim 60 Civil Rights Violation: On October 15, 2019, plaintiff appealed from the dismissal of *FTCA II* to the Ninth Circuit (Case No. 19-17031). On October 30, 2019, plaintiff moved for summary reversal of the dismissal and certification to the Supreme Court as to the constitutionality of the criminal statutes as presented in claims 40, 41, and 50. On December 17,

2019, commissioner Shaw denied both motions. The role of appellate commissioner at the Ninth Circuit is functionally that of a magistrate judge for the court of appeals. However, 28 U.S.C. § 631 permits the appointment of magistrate judges only at district courts. Thus, commission Shaw lacks authority to deny either of said motions. Moreover, both motions as well as the denial order are inaccessible from PACER. Judge Thomas, commissioner Shaw, clerk Dwyer, Director Duff, chief Lowney, and manager Stone have deprived plaintiff of due process of law under the Fifth Amendment as well as the Seventh Amendment right to a jury trial.

c61.    Claim 61 Civil Rights Violation: Said USAO removed *County II* to this court on January 10, 2020 (Case No. 5:20-cv-230-BLF). On January 17, 2020, judge Orrick dismissed the claims against judge Freeman, clerk Soong, deputy clerk Kratzmann, deputy clerk Salinas-Harwell, AG Barr, U.S. attorney Anderson, AUSA Winslow, AUSA Scharf, counsel Williams, deputy counsel Sandoval, deputy counsel Dhadialla, and Santa Clara County. Accordingly, judge Orrick, judge Dimarchi, clerk Soong, deputy clerk Puli, deputy clerk Escolano, AG Barr, U.S. attorney Anderson, AUSA Tseng, counsel Williams, deputy counsel Dhadialla, and Santa Clara County have denied plaintiff both the Fourth Amendment right against unreasonable seizures and the Seventh Amendment right to a jury trial with respect to said dismissed defendants.

**REQUEST FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter judgment against all defendants and provide plaintiff with the following relief:

1. A declaratory judgment that 18 U.S.C. §§ 3006A, 3161, 4241-4248 as well as 28 U.S.C. §§ 331, 351-364 constitute unconstitutional statutes.

2. A declaratory judgment that defendants have violated plaintiff's constitutional rights as set forth in claims 1-9, 11-39, 42-49, and 51-61.

3. Monetary damages in the amount of $40,000,000 against AG Barr; $10,000,000 each against DA Rosen, assessor Stone, and counsel Williams; $7,000,000 each against clerk Tonini, deputy counsel Sandoval, and deputy counsel Dhadialla; $2,000,000,000 against Santa Clara County; $20,000,000 each against judges Hamilton, Ware, Wilken, Seeborg, Koh, Illston, Chen, Whyte, White, Freeman, Breyer, Jensen, Chhabria, Alsup, Rogers, Chesney, Orrick, Boyle, Flanagan, Dever, Wright, Guilford, and Fitzgerald; $10,000,000 each against judges Donato, Armstrong, Conti, Gilliam, Henderson, Tigar, Spero, Grewal, van Keulen, DeMarchi, Jones, Collins, King, Beistline, Miller, Ishii, Hunt, McNamee, Barker, and Hornby; $8,000,000 each against judges Beeler, Corley, Cousins, James, Laporte, Lloyd, Ryu, Vadas, Westmore, clerks Soong, and Moore; $6,000,000 each against deputy clerks Salinas-Harwell, Geiger, Walton, Kratzmann, Barrera, Puli, Escolano, and Castania; $8,000,000 each against attorney Thompson, foreman Daks, and chief Saenz; $6,000,000 each against officers Lew and Libby; $400,000,000 against judge Thomas; $200,000,000 each against judges Leavy, Callahan, Bea, Schroeder, Silverman, Kozinski, Pregerson, and Reinhardt; $100,000,000 each against judges Hug, Fisher, Gould, Clifton, Wallace, Tallman, Bowman, and Wilkinson; $40,000,000 against commissioner Shaw, $10,000,000 against clerk Dwyer; $8,000,000 against deputy clerk Lewis; $4,000,000,000 against chief justice Roberts; $2,000,000,000 each against justices Kennedy and Breyer; $1,000,000,000 each against justices Thomas, Ginsburg, Alito, Sotomayor, and Kagan; $200,000,000 against clerk Harris; $100,000,000 against deputy clerk Barnes; $400,000,000 each against director Duff, judge Hogan, and counsel Loesche; $100,000,000 each against chief Lowney, congressman Nadler, and congresswoman Lofgren; $10,000,000 against manager Stone; $2,000,000,000 against president Obama; $ 800,000,000 each against secretary Clinton, FAG Holder, FAG

Lynch, and FPMG Brennan; $10,000,000 each against U.S. attorney Anderson, FUSAs Haag, Stretch, and Tse; $8,000,000 each against AUSAs Scharf, Cormier, Perez, Vieira, Nedrow, Becker, Valliere, Kaleba, Lee, Chan, Winslow, and Tseng; $10,000,000 each against director Harlow and director Anderson; $8,000,000 each against marshals O'Keefe, East, and Pettit; $6,000,000 each against deputy marshal Harwell, CSO Yamaguchi, and CSO Guttoruson; $10,000,000 each against wardens Milusnic, Holland, Smith, Rupska, Koehn, and Killian; $8,000,000 each against Drs. Hope, Johnson, Wheat, Koch, Zonno, Graddy, Nogo, case manager Griffin, and captain Rule; $6,000,000 each against lieutenants Gavin, Singleton, Plucker, and Bowerman; $6,000,000 each against nurses Oughourli, Overton, Smith, and counselor Wiggins; $10,000,000 each against directors Iancu, Lee, Rea, and commissioner Focarino; $8,000,000 against director Hajec; $6,000,000 each against examiners Boeckmann and Page; $20,000,000,000 against Taiwan; $4,000,000,000 each against TIPO, Google, and Facebook; $2,000,000,000 each against Fedex and HPE; $500,000,000 each against Alameda County sheriff's office and SVDPS; $10,000,000 against sheriff Ahern; $8,000,000 each against chief Ngo, chief Grgurina, and sheriff McMahon; $500,000,000 against CoreCivic; $100,000,000 against San Bernardino County sheriff's department; Damages against defendants Does 1-203 will be submitted after discovery.

4. Monetary punitive damages against all defendants.

5. Referring all defendants except Taiwan, TIPO, and himself to AG Barr for criminal prosecution.

6. Plaintiff's reasonable costs and expenses of this action in accordance with 42 U.S.C. § 1988 and other applicable law.

7. All other further relief to which plaintiff may be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues for which a right to jury trial exists.

Respectfully submitted this 14th day of February 2020.

*Kuang-bao Ou-young*

KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 234-2371
kbouyoung@yahoo.com

Plaintiff