United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO PAUL OU-YOUNG,<br>Plaintiff,<br>v.<br>EDWARD LEAVY, et al.,<br>Defendants. | Case No. 5:19-cv-07232-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE PRE-FILING SCREENING ORDERS**<br><br>Re: Dkt. No. 26 |

Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, Plaintiff Kuang-Bao Paul Ou-Young moves to vacate the pre-filing review order issued by Judge Edward M. Chen in case 13-cv-4442-EMC as well as the pre-filing screening order issued by Judge Beth Labson Freeman in case 19-cv-7000-BLF. For the reasons below, Plaintiff's motion is **DENIED**.

On December 20, 2013, Judge Chen issued an order declaring Plaintiff to be a vexatious litigant and directing pre-filing screening of any complaint filed by Plaintiff involving certain statutes and parties. *See* Vexatious Litigant Order, Case No. 13-cv-04442, ECF 40 ("First Screening Order"). On November 1, 2019, Plaintiff filed this action against the Honorable Edward Leavy, Senior Circuit Judge; the Honorable Consuelo M. Callahan, Circuit Judge; and the Honorable Carlos T. Bea, Senior Circuit Judge. On December 5, 2019, Judge Freeman issued an Order Requiring That Kuang-Bao P. Ou-Young Obtain Leave of Court Before Filing Any Complaint Against Federal Judges in Case No. 19-cv-07000-BLF, ECF No. 26 ("Second Screening Order").

On February 14, 2020, Plaintiff filed the First Amended Complaint (Dkt. No. 15). The

CASE NO.: 5:19-CV-07232-EJD
ORDER DENYING PLAINTIFF'S MOTION TO VACATE PRE-FILING SCREENING ORDERS

1

1  First Amended Complaint adds over one hundred new defendants, including, among others, dozens of additional federal judges and federal court personnel, U.S. Department of Justice personnel, U.S. Patent and Trademark Office personnel, members of the United States Congress, members of the current and former White House administrations, local law enforcement offices, and a number of large corporations. Plaintiff now moves the court to vacate both the First and Second Screening Orders pursuant to Rule 60(b)(4).

A district court has no authority to vacate the judgment of a closed case before another district judge. *Womack v. San Diego Metro. Transit Dev. Bd.*, No. 14-cv-1929-WQH (DHB), 2014 WL 5390192, at *3 (S.D. Cal. Oct. 23, 2014) (citing *Snell v. Cleveland, Inc.*, 316 F.3d 822, 825-27 (9th Cir. 2002)); *see also Bryan v. City of Carlsbad*, No. 17-cv-697-LAB (BLM), 2018 WL 2461489, at *2 (S.D. Cal. May 31, 2018) ("There is no provision of law that would authorize the undersigned judge to reassign [another judge's] case to himself; interfere in that case; or review, vacate, or declare void her judgment in that case") (citing *Hill v. Dozer*, 2018 WL 1418412 at *3 (E.D. Cal., Mar. 22, 2018)). Thus, a motion seeking to vacate the First and Second Screening Orders must be filed in the cases where they were issued—Case Nos. 13-cv-4442-EMC and 19-cv-7000-BLF, respectively—not this case.

Further, Rule 60(b) is not applicable to Plaintiff's request for relief. Rule 60(b) applies only to final, appealable orders, not to interlocutory orders. *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). The Screening Orders are not final, appealable orders. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that pre-filing orders entered against vexatious litigants are not immediately appealable). In any event, a final judgment is "void" for purposes of FRCP 60(b)(4) "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Plaintiff has identified no jurisdictional error or violation of due process that would support a finding that the First or Second Screening Orders are void.

CASE NO.: 5:19-CV-07232-EJD
ORDER DENYING PLAINTIFF'S MOTION TO VACATE PRE-FILING SCREENING ORDERS

2

For the reasons stated above, Plaintiff's motion to vacate pre-filing screening orders is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 1, 2020

EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:19-CV-07232-EJD
ORDER DENYING PLAINTIFF'S MOTION TO VACATE PRE-FILING SCREENING ORDERS

3