UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO PAUL OU-YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD LEAVY, et al.,<br><br>Defendants. | Case No. 5:19-cv-07232-EJD<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 23, 24, 30 |

### I. Background

On December 20, 2013, Judge Edward M. Chen issued an order declaring Plaintiff to be a vexatious litigant and directing pre-filing screening of any complaint filed by Plaintiff involving certain statutes and parties. *See* Vexatious Litigant Order, Case No. 13-cv-04442, ECF 40 ("First Screening Order"). Specifically, the First Screening Order requires Plaintiff to obtain leave of court before filing any further suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512 (c), and 18 U.S.C. § 371, and the Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. § 2671 et seq., involving parties named in Case No. 13-4442 or in Plaintiff's prior cases in this District.

On November 1, 2019, Plaintiff filed this action against the Honorable Edward Leavy, Senior Circuit Judge; the Honorable Consuelo M. Callahan, Circuit Judge; and the Honorable Carlos T. Bea, Senior Circuit Judge. Dkt. No. 1 (the "Original Complaint"). The Original Complaint was screened and the Clerk of Court determined that the First Screening Order did not apply. *See* Case No. 19-mc-80254-EJD.

Case No.: 5:19-cv-07232-EJD
ORDER OF DISMISSAL
1

On December 5, 2019, Judge Beth Labson Freeman issued an Order Requiring That Kuang-Bao P. Ou-Young Obtain Leave of Court Before Filing Any Complaint Against Federal Judges in Case No. 19-cv-07000-BLF, ECF No. 26 ("Second Screening Order"). The Second Screening Order states, in pertinent part:

1) Kuang-Bao P. Ou-Young must obtain leave of court before filing any complaint that alleges claims against federal judges, including United States Supreme Court justices, federal circuit judges, federal district judges, federal magistrate judges, and federal bankruptcy judges;

2) The Clerk of Court shall not accept for filing any complaint alleging claims against federal judges until the complaint has been reviewed by a judge and approved for filing. The Clerk shall forward any such complaint to the general duty judge for pre-filing screening; and

3) This order applies to complaints that Kuang-Bao P. Ou-Young seeks to file in this district, complaints filed in state court and removed to this district, and complaints filed in adversary proceedings in this district's bankruptcy court.

Second Screening Order, at 15-16.

On February 14, 2020, Plaintiff filed the First Amended Complaint ("FAC") in this action. Dkt. No. 15. The FAC adds over one hundred new defendants, including, among others, dozens of additional federal judges and federal court personnel, U.S. Department of Justice personnel, U.S. Patent and Trademark Office personnel, members of the United States Congress, members of the current and former White House administrations, and other current or former federal employees (the "Federal Defendants"). The FAC also alleges claims against local law enforcement offices and a number of large corporations. Plaintiff did not seek or obtain leave of court before filing the FAC.

On March 3, 2020, the Assistant United States Attorney Christopher F. Jeu notified the Court of the applicability of the Screening Order. On March 16, Plaintiff filed a motion to disqualify the U.S. Attorney's Office as counsel. Dkt. No. 24. The U.S. Attorney's Office

Case No.: 5:19-cv-07232-EJD
ORDER OF DISMISSAL
2

opposes the motion. Dkt. No. 27.

On March 26, 2020, Plaintiff filed a motion seeking to vacate the First and Second Screening Orders. Dkt. No. 26. On April 1, 2020, the Court denied that motion. Dkt. No. 28. On April 8, 2020, Plaintiff filed a second motion to vacate the First and Second Screening Orders. Dkt. No. 30.

## II. DISCUSSION

In the present case, Plaintiff's FAC alleges claims against numerous federal judges, including United States Supreme Court justices, federal circuit judges, federal district judges, and federal magistrate judges. The FAC also names some of the defendants named in his prior lawsuits, including: Chief Justice John G. Roberts, Jr., Judge Wilken, Judge Koh, Judge Lloyd, Attorney General Holder, Assistant United States Attorney James Scharf, former United States Attorney Melinda Haag, and federal court employee Tiffany Salinas-Harwell, among others. Therefore, both the First and Second Screening Orders apply. Having reviewed the FAC, the court finds that it fails to state a potentially cognizable claim against any of the Federal Defendants named in the action.

"Judges are absolutely immune from civil liability for their judicial acts." *Adams v. Committee on Judicial Conduct & Disability*, 165 F. Supp. 3d 911, 921 (N.D. Cal. 2016) (citing *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987)); *see also Mireless v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Atkinson-Baker & Assoc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) (per curiam). Plaintiff's claims against the judges are based upon judicial acts, such as denying his appeal, denying his petition for certiorari, denying motions to disqualify, dismissing his misconduct complaints, dismissing his lawsuits, denying his motions to intervene, issuing the First and Second Screening Orders, failing to respond to his criminal complaint, ordering his detention, issuing his arrest warrant, ordering his commitment for psychological examination, and denying his petition for writ of habeas corpus. The judges named in the FAC have absolute judicial immunity for these actions.

Federal court personnel have absolute quasi-judicial immunity when performing tasks that

Case No.: 5:19-cv-07232-EJD
ORDER OF DISMISSAL

3

are "an integral part of the judicial process." *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). Plaintiff's claims against federal court personnel are based upon tasks they performed that are an integral part of the judicial process, such as reassigning a case, failing to issue summonses, and failing to provide notice of a direct appeal to the Supreme Court. The federal court personnel defendants have absolute quasi-judicial immunity for these actions.

Federal prosecutors acting in the course of their role as advocates are protected by absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("We hold only that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Heinemann v. Satterberg*, 731 F.3d 914, 918 (9th Cir. 2013) (prosecutorial immunity protects a prosecutor for "his decision to initiate a prosecution."); *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 643 (9th Cir. 1999) ("A prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity."). Plaintiff's claims against the U.S. Attorney's Office employees relate to actions the employees took in his criminal case, such as instituting the criminal case, filing an indictment, and continuing with the prosecution. The employees of the U.S. Attorney's Office have absolute immunity for these actions.

To the extent any of Plaintiff's claims against the Federal Defendants are not barred by absolute immunity, they are nonetheless barred by qualified immunity. Qualified immunity protects public officials from civil liability so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal quotation omitted). Plaintiff does not allege any conduct by the Federal Defendants or non-Federal public officials that violates clearly established statutory or constitutional rights. Moreover, almost all of the conduct alleged in the FAC is beyond the one-year statute of limitations for *Bivens* actions in California. S*ee Chavez v. INS*, 17 F. Supp. 2d 1141, 1145 (C.D. Cal. 1998).

Finally, the FAC names the following additional defendants who are not Federal Defendants: Google, Inc.; Facebook Inc.; Fedex Corporation; Hewlett Packard Enterprise

Case No.: 5:19-cv-07232-EJD
ORDER OF DISMISSAL
4

Company; the Alameda County Sheriff's Office, including several of its sheriffs and deputy sheriffs; the warden of the Federal Correctional complex North Carolina; the warden of the Federal Medical Center ("FMC") and several FMC employees; the manager of PACER Support Center; the Sunnyvale Department of Public Safety and its current and former chief; Santa Clara County and several Santa Clara County employees; CoreCivic, Inc.; the current and former wardens of the Nevada Southern Detention Center ("NSDC"); the warden of Metropolitan Detention Center, Los Angeles ("MDC-LA") and other MDC-LA employees; the San Bernardino County Sheriff's Department and its sheriff; and Taiwan, the Republic of China. FAC ¶¶ a5-a210.

The FAC fails to state any facts to support a potentially cognizable claim against any of the defendants who are not Federal Defendants. The claims against these additional defendants are dismissed without leave to amend because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

### III. Order

Based upon the foregoing, this action is **DISMISSED WITH PREJUDICE**. Plaintiff's Motion to Disqualify Counsel (Dkt. No. 24) and Second Motion to Vacate the Prefiling Screening Orders (Dkt. No. 30) are **TERMINATED**.

**IT IS SO ORDERED.**

Dated: April 9, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-07232-EJD
ORDER OF DISMISSAL